



**SEALED**            UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA

**FELONY**

### INDICTMENT FOR CONSPIRACY AND WIRE FRAUD

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. **14-22** |
| v. | * | SECTION: **SECT. F MAG. 3** |
| PETER M. HOFFMAN | * | VIOLATIONS: 18 U.S.C. § 371 |
| MICHAEL P. ARATA | | 18 U.S.C. § 1343 |
| | * | 18 U.S.C. § 2 |

\*   \*   \*

The Grand Jury charges that:

### GENERAL ALLEGATIONS

### AT ALL TIMES MATERIAL HEREIN:

**The Louisiana Motion Picture Incentive Act**

1.  The Louisiana Motion Picture Incentive Act (LMPIA) was enacted to provide incentives for and encourage the filming of motion pictures and television programs in Louisiana.  The Louisiana Department of Economic Development and the Louisiana Office of Film and Television Entertainment Industry Development administered the LMPIA for the State of Louisiana.

2.  Under the LMPIA, companies making motion pictures were eligible to receive tax credits which were calculated as a percentage of the companies' qualified expenditures in

Louisiana. Qualified expenditures upon which companies could receive tax credits included expenditures on infrastructure. Infrastructure expenditures only included the purchase, construction and use of facilities that were directly related to and utilized for motion picture production in Louisiana. Additionally, in order to qualify for infrastructure tax credits, all funds had to be actually expended, and such expenditures had to be verified by an independent Louisiana Certified Public Accountant (Auditors).

3. Businesses that applied to the State for infrastructure tax credits were entitled to receive an amount equal to 40% of their qualified and audited infrastructure expenditures. Once this amount was certified by the State of Louisiana, the applicants could then sell the certification to local businesses and individuals. Such sale of tax credits provided for a significant source of cash for film projects.

### The Defendants

4. The defendant, **PETER M. HOFFMAN (HOFFMAN)**, was the Chief Executive Officer of Seven Arts Entertainment, Inc., a company that was primarily involved in the motion picture and entertainment industry in California. As Chief Executive Officer of Seven Arts Entertainment, Inc., his duties included the selection and production of major motion pictures, strategic planning, business development, operations, financial administration and accounting. **HOFFMAN** was also an attorney and participated as a lawyer and executive in numerous financial and tax-preferred financings over a period of more than twenty-five years. **HOFFMAN** also owned, operated and controlled numerous companies related to and affiliated with Seven Arts Entertainment, Inc., to include Seven Arts Pictures, Inc., Seven Arts Pictures Louisiana, LLC, Seven Arts Filmed Entertainment Louisiana, LLC, and Seven Arts Post, LLC.

5. The defendant, **MICHAEL P. ARATA (ARATA)**, was a Louisiana attorney and businessman who also owned and operated companies involved in the movie and entertainment industry. One of his companies, LEAP Film Funds II, LLC, purchased, sold and brokered Louisiana film tax credits. Through their respective companies, **HOFFMAN** and **ARATA** were partners in different movie-industry business ventures.

### 807 Esplanade

6. Through their respective companies, **HOFFMAN** and **ARATA** purchased property located at 807 Esplanade, New Orleans, Louisiana (807 Esplanade) on or about October 3, 2007. 807 Esplanade was an old mansion, located in the Faubourg Marigny neighborhood on the edge of the French Quarter, which had fallen into a severe state of disrepair over many years. The proposed reason for purchasing the property was to renovate the mansion and turn it into a film post-production facility.

7. After purchasing the property, on or about February 26, 2009, **HOFFMAN** and **ARATA** submitted an application and supporting documents to the State of Louisiana in order to receive film infrastructure tax credits for money the defendants claimed had been spent on 807 Esplanade. As required by the LMPIA, the defendants first were required to submit the claimed 807 Esplanade expenditures to auditors for verification. In order to verify the claimed expenditures, the auditors requested proof of payment from the defendants such as invoices, bank transfers, bank statements, and other corporate financial records. Based on this information, the auditors compiled a report which detailed the defendants' claimed expenditures on 807 Esplanade. The defendants then submitted this report as part of their February 26, 2009 application to the State of Louisiana for film infrastructure tax credits.

8. On or about June 19, 2009, the State of Louisiana issued approximately $1,132,480.80 in tax credits to the 807 Esplanade partnership. **ARATA** paid cash to the partnership for these tax credits, at a discounted price, through his company LEAP Film Funds II, LLC. **ARATA** then sold the tax credits to local businesses and individuals for profit.

## COUNT 1
### (Conspiracy)

**A. THE CONSPIRACY:**

1. The allegations contained in paragraphs 1 through 8 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. Beginning on or about March 1, 2006 and continuing until on or about April 7, 2009, in the Eastern District of Louisiana and elsewhere, the defendants, **PETER M. HOFFMAN** and **MICHAEL P. ARATA**, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree with each other to transmit and cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds in furtherance of and for the purpose of executing the scheme and artifice to defraud set forth in paragraph 2 of Count 2; all in violation of Title 18, United States Code, Section 1343.

**B. WAYS AND MEANS TO ACCOMPLISH THE CONSPIRACY:**

The defendants and co-conspirators carried out the conspiracy in the following ways and through the following means, among others:

1. prepared and filed and caused to be prepared and filed with the State of Louisiana a materially false and misleading February 26, 2009 film infrastructure tax credit application and supporting documents which fraudulently claimed that certain expenditures had been made

4

relative to 807 Esplanade when, in truth and in fact, the expenditures had not been made as claimed;

2. prepared and caused to be prepared materially false and misleading internal accounting books and records to fraudulently make it appear as if certain expenditures had been made, when in truth and in fact, the expenditures had not been made as claimed;

3. submitted and caused to be submitted to the auditors and to the State of Louisiana expenditures for construction when, in truth and in fact, the construction work had not been performed and the money had not been spent as the defendants claimed;

4. submitted and caused to be submitted to the auditors and to the State of Louisiana expenditures for film equipment when, in truth and in fact, no film equipment had been purchased and the money had not been spent as the defendants claimed;

5. executed and caused to be executed a materially false and misleading payment receipt verification to fraudulently make it appear as if a construction business had received payment for certain services when, in truth and in fact, the construction business had not received payment;

6. executed and caused to be executed a materially false and misleading payment receipt verification to fraudulently make it appear as if a vendor of film equipment had received payment for certain equipment when, in truth and in fact, the film equipment vendor had not received payment;

7. created and caused to be created a materially false and misleading invoice for construction work that had not been performed;

8. created and caused to be created a materially false and misleading invoice for non-existent film equipment;

9. conducted and caused to be conducted materially false and misleading circuitous bank transfers of money in an effort to fraudulently make it appear that certain money had been spent on construction when, in truth and in fact, the construction had not occurred and the money had not been spent; and

10. conducted and caused to be conducted materially false and misleading circuitous bank transfers of money in an effort to fraudulently make it appear that certain money had been spent on film equipment when, in truth and in fact, the film equipment had not been purchased and the money had not been spent.

C. **OVERT ACTS**:

In furtherance of and to conceal the conspiracy and accomplish its purposes, the defendants, **PETER M. HOFFMAN** and **MICHAEL P. ARATA** and others known and unknown to the grand jury, committed and caused to be committed at least one of the following overt acts, among others, in the Eastern District of Louisiana and elsewhere:

1. between on or about October 2, 2008 and October 6, 2008, conducted and caused to be conducted circuitous bank transfers of funds in order to fraudulently create the appearance of payments for construction work;

2. between on or about October 2, 2008 and October 6, 2008, conducted and caused to be conducted circuitous bank transfers of funds in order to fraudulently create the appearance of payments for film equipment;

3. on or about November 6, 2008, prepared and caused to be prepared a materially false and misleading affidavit relative to the purchase of film equipment;

4. on or about December 1, 2008, e-mailed and caused to be e-mailed materially false and misleading bank fund-transfer requests to the auditors;

5. on or about December 2, 2008, e-mailed and caused to be e-mailed materially false and misleading bank fund-transfer requests to the auditors;

6. on or about December 9, 2008, e-mailed and caused to be e-mailed materially false and misleading internal accounting documents to the auditors;

7. on or about December 29, 2008, e-mailed and caused to be e-mailed photographs of film equipment fraudulently claimed to have been purchased for 807 Esplanade;

8. on or about December 29, 2008, provided and caused to be provided materially false and misleading financial documents, invoices and payment verifications to the auditors;

9. on or about February 4, 2009, prepared and caused to be prepared a materially false and misleading vendor payment certification for film equipment;

10. on or about February 4, 2009, prepared and caused to be prepared a materially false and misleading vendor payment certification for construction;

11. on or about February 9, 2009, e-mailed and caused to be e-mailed a materially false and misleading vendor payment certification for construction costs to the auditors;

12. on or about February 25, 2009, e-mailed and caused to be e-mailed a materially false and misleading internal accounting record;

13. on or about February 26, 2009, e-mailed and caused to be e-mailed a materially false and misleading application and support documents for film infrastructure tax credits to the State of Louisiana;

14. on or about May 14, 2009, e-mailed and caused to be e-mailed materially false and misleading vendor payment certifications and invoices for construction and film equipment to the State of Louisiana; and

15. on or about April 7, 2009, e-mailed and caused to be e-mailed materially false and misleading invoices for construction and film equipment to the State of Louisiana.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2 - 6
### (Wire Fraud)

1. The allegations contained in paragraphs 1 through 8 of the General Allegations section and Section C of Count 1 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. Beginning on or about March 1, 2006 and continuing until on or about April 7, 2009, in the Eastern District of Louisiana and elsewhere, the defendants, **PETER M. HOFFMAN** and **MICHAEL P. ARATA**, and others known and unknown to the Grand Jury, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises by submitting materially false, misleading and fraudulent information to the auditors and to the State of Louisiana for the purpose of obtaining film infrastructure tax credits relative to 807 Esplanade.

3. On or about the dates specified in each count below, in the Eastern District of Louisiana and elsewhere, the defendants, **PETER M. HOFFMAN** and **MICHAEL P. ARATA**, and others known and unknown to the Grand Jury, for the purpose of executing the scheme and artifice to defraud set forth in paragraph 2 above, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs,

signals, pictures and sounds, as more particularly described below:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 2 | February 9, 2009 | E-mail transmitted between Louisiana and outside the State of Louisiana sending payment certification for $2,002,480.00 in construction to the auditors. |
| 3 | February 25, 2009 | Email transmitted between Louisiana and outside the State of Louisiana attaching General Ledger of Seven Arts Pictures Louisiana, LLC. |
| 4 | February 26, 2009 | E-mail transmitted between Louisiana and outside the State of Louisiana sending application for film infrastructure tax credits and supporting documents to the State of Louisiana. |
| 5 | May 14, 2009 | E-mail transmitted between Louisiana and outside the State of Louisiana sending invoices and vendor payment certifications for $2,002,480.00 in construction and $1,027,090.00 in film equipment to the auditors and to the State of Louisiana. |
| 6 | April 7, 2009 | E-mail transmitted between Louisiana and outside the State of Louisiana sending invoices for $2,002,480.00 in construction and $1,027,090.00 in film equipment to the State of Louisiana. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## NOTICE OF FRAUD FORFEITURE

1. The allegations of Counts 1 through 6 of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 371, 1343, and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

2. As a result of the offenses alleged in Counts 1 through 6, the defendants, **PETER M. HOFFMAN** and **MICHAEL P. ARATA**, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 371, 1343, and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or

is derived from proceeds traceable to violations of Title 18, United States Code, Sections 371 and 1343.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

_____
G. DALL KAMMER
Assistant United States Attorney
Louisiana Bar Roll No. 26948

New Orleans, Louisiana
February 6, 2014

11

FORM OBD-34

No. _____

# UNITED STATES DISTRICT COURT
Eastern _District of_ Louisiana
Criminal _Division_

## THE UNITED STATES OF AMERICA

vs.

**PETER M. HOFFMAN**
**MICHAEL P. ARATA**

# INDICTMENT
## INDICTMENT FOR CONSPIRACY AND WIRE FRAUD

**VIOLATIONS:** Title 18, U.S.C., Sections 371, 1343, & 2

_A true bill._

_____
_Foreperson_

_Filed in open court this_ _____ _day of_ _____ _A.D. 2014._

_____
_Clerk_

_Bail, $_ _____

_____
G. DALL KAMMER
Assistant United States Attorney