UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 14-22 |
| v. | * | SECTION:  SECT. F MAG. 3 |
| PETER M. HOFFMAN<br>MICHAEL P. ARATA | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>MOTION FOR BILL OF PARTICULARS AND DISCOVERY AND INSPECTION</u>

NOW INTO COURT, comes the Defendant, PETER M. HOFFMAN ("Hoffman"), appearing herein through his undersigned counsel, pleading that he is unable to properly prepare his defense based on the Indictment filed against him on February 6, 2014 (hereinafter referred to as "the Indictment") unless and until he is furnished with the following particulars to wit:

1.

Please identify which statements in the Louisiana Economic Development ("LED") Tax Credit Application dated February 26, 2009 ("LED Application") identified in the Indictment Paragraph B1 are either false or misleading.  If the government alleges that any statements are misleading, please identify in which respect they are misleading.

2.

Please identify which "support documents" were emailed to LED in connection with the LED Application as alleged in Paragraph B.1 of the Indictment.

3.

Please identify which expenditures in the LED Application were false or misleading and the legal basis for any such claim.

4.

Please identify which statements in the Independent Auditors Report dated February 16, 2009 ("Audit Report") of Malcolm M. Dienes LLC ("Auditors") are either false or misleading, and, if so, in what respect misleading.

5.

Identify which expenditures in the Audit Report are false or misleading and the legal basis for any such claim.

6.

Identify each act, if any, of Peter Hoffman which the United States claims is an act of concealment from the Auditors of any fact or matter relevant to this action.

7.

Identify and provide to defendant, Peter Hoffman, the "internal accounting books and records" referred to in Count 1, Paragraphs B.2 and C.6 (December 9, 2008), C.8 (December 29, 2008) and C.12 (February 25, 2009) of the Indictment.  Please identify which statements therein are either false or misleading, and, if so, in what respect misleading.

8.

Identify which expenditures "for construction" referred to in Count 1, Paragraph B.3 of the Indictment were submitted to "the State of Louisiana" for "construction work" that "had not been performed and the money not spent," and included in the Audit Report, together with the date and document in which such were so submitted.

9.

Identify, which expenditures "for film equipment" referred to in Count 1 Paragraph B.4 of the Indictment were submitted to "the State of Louisiana".

2

10.

Identify the "payment receipt verification" referred to in Count 1 Paragraphs B.5 and C.8, 10, 11, and 14 of the Indictment.  Please state whether the United States claims that such sums as these shown in the "payment receipt verification" were not in fact received in a bank account in the name of the person executing such Auditor Confirmations.

11.

Please identify the "payment receipt verification" referred to in Count 1 Paragraphs B.6 and C.8, 9, and 14 of the Indictment ("Film Equipment Expense")  Please state whether the United States claims that the vendor executing the certification did not in fact receive the monies referred to in the Auditor Confirmation in an account in his/its name.

12.

Please identify the "invoice for construction work" referred to in Count 1, Paragraphs B.7 and C.15 of the Indictment.  Please state the basis for the assertion that the "construction work had not been performed."

13.

Please identify the "invoice for non-existent film equipment" referred to in Count 1, Paragraphs B.8 and C.7.  Please state whether the United States claims that the film equipment shown on such invoices did not exist at all in any location.

14.

Please identify the "circuitous bank transfer" referred to in Count 1, Paragraphs B.9 and C.1, 2, 4 and 5.

15.

Please identify the "payment certifications" referred to in Count 1 Paragraphs B.10 and 11 and C.8, 10 and 11 of the Indictment.  Please state whether the United States asserts that these were used as the basis for any claim of construction expenditures in the Audit Report or in the LED Application.

16.

Please provide the basis for the claim by the United States that Construction Expenditures or the Film Equipment Expenditures were the basis for any film infrastructure tax credits approved for transfer or sold by Arata as alleged in General Allegation Paragraph 8 of the Indictment.

17.

Please identify the basis, if any, for the claim by the United States that the Tax Credit Certifications issued by LED on June 19, 2009 ("LED Certification") are property of the State of Louisiana.

18.

Please identify the basis, if any, for the claim by the United States that the Tax Credit Certifications issued by LED on June 19, 2009 ("LED Certification") are property of the State of Louisiana.

19.

Please identify the tax laws of the State of Louisiana or tax authority which provides that "circuitous" payments alone establish that a claimed tax benefit is disallowed.

4

20.

Please identify the Louisiana law or regulation that requires a form of payment other than as evidenced by an invoice, receipt or other document, to claim an expenditure qualifies for Louisiana film infrastructure tax credits.

21.

Please identify the "vendor payment certifications and invoices for construction and film equipment" referred to in Count 1, Paragraph C.14 of the Indictment.  Please identify items in the documents which are either false or misleading, and if so, in what respect misleading.

22.

Please identify the "invoices for construction and film equipment" referred to in Count 1 Paragraph C.15 of the Indictment.  Please identify any information in such document(s) which are either false or misleading, and, if so, in what respect misleading.

23.

Please identify the "affidavit" referred to in Count 1, Paragraph C.3 of the Indictment.  Please identify which statements in such Declaration are false or misleading, and if so, in what respect misleading.

24.

Please assert the legal basis for the Government's assertion that Hoffman had no intention to deliver the equipment and construction referred to in the Film Equipment Expenses and Construction Expenditures.

25.

Please identify the evidence which the Government will rely upon to show that Hoffman did not have a good faith belief that the Construction Expenses and/or Film Equipment Expenses were

not "qualifying expenditures" for Louisiana film infrastructure tax credit.

26.

Does the United States intend at the trial of this case to prove or attempt to prove similar acts by Hoffman for the purpose of establishing system, pattern and intent? If so, state fully and in detail the time, date, place and nature of such acts.

WHEREFORE, Defendant PETER HOFFMAN, prays that the United States, through the United States Attorney, be ordered by the Court to file the Bill of Particulars above requested and cause a copy of same to be furnished to Defendant through their counsel of record, or show cause on the date and at a time to be fixed by this Honorable Court why the said Bill of Particulars should not be filed.

Respectfully submitted,

/s/ Jason Rogers Williams_____
JASON ROGERS WILLIAMS, NO. 25539
NICOLE E. BURDETT, NO. 32972
607 St. Charles Avenue, Suite 300
New Orleans, Louisiana 70130
Tel. (504) 585-1413
Facsimile: (504) 581-5588

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2014, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by U.S. Mail and/or electronic service by operation of the court's electronic filing system.

   /s/ Jason Rogers Williams_____
JASON ROGERS WILLIAMS