UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 14-22 |
| v. | * | SECTION: F |
| PETER M. HOFFMAN | * | |
| MICHAEL P. ARATA | | |
| | * * * | |

GOVERNMENT'S OPPOSITION TO DEFENDANT
PETER HOFFMAN'S MOTION FOR BILL OF PARTICULARS

The government requests that this Court deny defendant Hoffman's Motion for Bill of

Particulars for the following reasons:

A.    THE INDICTMENT IS SUFFICIENT

An indictment is sufficient if it (1) contains the elements of the offense charged; (2) fairly

informs the defendant of the charges he must prepare to meet; and (3) enables a defendant to

plead an acquittal or a conviction in bar to future prosecutions for the same offense.  *Hamling v.*

*United States*, 418 U.S. 87, 117 (1974); *United States v. De La Rosa*, 911 F.2d 985, 988–89 (5th

Cir.1990).  It is generally sufficient "when the charge tracks the governing statute as long as the

statutory language unambiguously sets forth all essential elements."  *United States v. Beebe*, 792

F.2d 1363, 1366 (5th Cir.1986).   "A bill of particulars should be required only where the

charges of the indictment are so general that they do not advise the defendant of the specific acts

of which he is accused."  *United States v. Torres*, 901 F.2d 205, 234 (2nd Cir. 1990).  And it

need not set out the "evidentiary details by which the government plans to establish" the

defendant's guilt. *United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir.1986).

The present indictment certainly covers the elements of each offense satisfactorily and

provides great detail regarding the specific acts for which the defendant is charged.  Indeed, in

his motion, the defendant demonstrates that he is intimately aware of the facts, records, and circumstances charged in the indictment. What the defendant really wants by way of his motion is to improperly obtain disclosure of the government's evidence and theory of prosecution, to which he is not entitled. A bill of particulars should not be used as an investigative tool for the defendant so he can obtain details of the government's evidence prior to trial. *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978); *see also United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)(A bill of particulars should not be used to compel the United States to a "detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial.").

B.    **BROAD DISCOVERY HAS BEEN PROVIDED AND THE DEFENDANT HAS EXTENSIVE KNOWLEDGE OF THE FACTS AND CIRCUMSTANCES SURROUNDING THE INSTANT MATTER**

Where evidence and information sought by a defendant is within his knowledge or can be readily obtained by him, he is also not entitled to a bill of particulars. *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). Furthermore, where the government has provided broad discovery, the need for a bill of particulars is reduced. *United States v. Torres*, 901 F.2d 205, 234 (2nd Cir. 1990).

The charges in this matter focus exclusively on the businesses of the defendants. Most if not all of the documents referenced in the indictment are the defendants' own records. The defendants provided the records and information to the auditors and to the State of Louisiana to obtain tax credits. The defendants conducted the financial transactions at issue in the indictment. The defendants were responsible for the claimed expenditures that were submitted to the auditors and to the State of Louisiana. Defendant Hoffman has even initiated extensive civil litigation regarding 807 Esplanade, much if not all of which involves the same claimed expenditures charged in the indictment. Considering this, it is not surprising that the defendant's requests

2

demonstrate that he is not at all confused about what specific acts, records and transactions are at issue in the indictment.  He is not entitled to anything more.  His attempt to get a glimpse of *how* the government will prove the allegations in the indictment at trial is improper and should be denied.

Furthermore, on March 14, 2014, the government provided the defendant with certain "hot documents" that are pertinent to each of the allegations in the indictment.  The government also provided a detailed inventory of all records subpoenaed in this matter which have been available for inspection and review since March 14, 2014.  The defendant has not yet made arrangements to view these records.  A bill of particulars should not be expanded into a device to circumvent the restrictions on pretrial discovery or specific evidence contained in Fed. R. Crim. P. 16.  *Cooper v. United States*, 282 F.2d 527, 532 (9th Cir. 1960); *see also United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978)("generalized discovery is not a permissible goal of a bill of particulars.").

## C.    THE DEFENSE IS NOT ENTITLED TO RULE 404(B) EVIDENCE IN A BILL OF PARTICULARS

In Request 26, the defendant asks whether the government intends to prove or attempt to prove similar acts by Hoffman.  The defendant provides no authority for such a request being permissible in a bill of particulars.  Should the government decide to use Rule 404(b) evidence at trial, the government will follow all proper procedures in doing so.

**D.**     **CONCLUSION**

For all of the foregoing reasons, the Motion for Bill of Particulars should be denied.


Respectfully Submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY


/s/ G. Dall Kammer
G. DALL KAMMER
ASSISTANT UNITED STATES ATTORNEY
Louisiana Bar No. 26948
650 Poydras, Suite 1600
New Orleans, Louisiana  70130
Telephone: (504) 680-3168
Email: dall.kammer@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2014, I electronically filed the foregoing with the Clerk of Court

by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

s/ G. Dall Kammer
G. DALL KAMMER
Assistant United States Attorney


4