UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
|         Plaintiff, | * | |
| | * | |
|    v. | * | Case No. 2:14-CR-00022 |
| | * | |
| PETER M. HOFFMAN, | * | Section F |
| MICHAEL P. ARATA, and | * | |
| SUSAN HOFFMAN | * | |
|         Defendants | * | |

## PETER HOFFMAN'S UNOPPOSED MOTION FOR AMENDMENT OF CONDITIONS OF RELEASE

Defendant Peter Hoffman ("Hoffman") hereby moves pursuant to 18 U.S.C. §3145(a)(2) for amendment of the conditions for release set by this Court on February 13, 2014 after the initial Indictment (Dk. 1) of February 6, 2014. Those conditions for release were a secured appearance bond executed by Gregory Curtis in the amount of $200,000, together with a cash payment of $20,000. Hoffman respectfully requests the Court to cancel Mr. Curtis' bond and to release $20,000 to him and in lieu thereof, require Hoffman to sign an unsecured $100,000 appearance bond, the same conditions for release imposed on Michael Arata and Susan Hoffman in this proceeding.

Section 1342(b) presumes that all defendants are entitled to release on their own recognizance on an unsecured bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required" or

will endanger the community. There is no evidence or prospect that Hoffman's release will endanger the community. The factors to be determined by the Court are set forth in Section 3142(g) and the burden of proof is on the United States to establish the facts regarding assurances of appearance by a preponderance of the evidence. E.g., <u>United States v. Cramer,</u> 451 F.2d 1198, 1200 (5th Cir. 1996); <u>United States v. Xulam,</u> 84 F.3d 441, 442 (D.C. Cir. 1996). Any previous conditions of release are subject to de novo review under Section 3145(a). See <u>United States v. Thibodeaux,</u> 663 F.2d 520, 522 (5th Cir. 1981) (predecessor statute).

Here, Hoffman has been aware of the investigation leading to the Indictment since the fall of 2011 and has not fled, but in fact engaged experienced counsel to fight these charges. With full knowledge of the Superseding Indictment and a pending second Superseding Indictment, he has not fled. Mr. Hoffman traveled extensively outside the United States before the Indictment but after learning of the investigation by the grand jury in late 2011 and did not flee.

Further, inasmuch as Peter and Susan Hoffman have an ongoing business relationship and are still legally married (though separated) it is respectfully requested that they be permitted to communicate, about matters unrelated to this pending indictment, with one another without the necessity for the presence of counsel.

Based on the foregoing, Hoffman respectfully requests this Court to amend Hoffman's conditions of release as set forth above.

Respectfully submitted,

*/s/ Jason Rogers Williams*
JASON ROGERS WILLIAMS, NO. 25539
NICOLE E. BURDETT, NO. 32972
607 St. Charles Avenue, Suite 300 New Orleans,
Louisiana 70130 Tel. (504) 585-1413
Facsimile: (504) 581-5588


*/s/ Don J. DeGabrielle*
DON J. DeGABRIELLE, NO. 04803
Bracewell & Giuliani LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Tel: (713) 221-1139
Facsimile: (800) 404-3970

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2014, I electronically filed the foregoing pleading with the clerk of the court for the U.S. District Court, Eastern District of Louisiana, using the electronic case filing system of the court.

*/s/ Don J. DeGabrielle*
Don J. DeGabrielle.

## CERTIFICATE OF NON-OPPOSITION

I certify that I have conferred with Assistant United States Attorney G. Dall Kammer and the Government is unopposed to this motion.

*/s/ Don J. DeGabrielle*
Don J. DeGabrielle

#4541400.1