UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                           CRIMINAL ACTION

VERSUS                                             NO. 14-22

PETER M. HOFFMAN                                   SECTION "F" (3)

## ORDER

On April 9, 2014, the Motion for Bill of Particulars [Doc. #32] came on for oral hearing before the undersigned.  Present were Jason Williams on behalf of defendant Peter M. Hoffman and Dall Kammer on behalf of the government.  After the oral hearing, the Court took the motion under advisement.  Having reviewed the motion, the opposition and the case law, the Court rules as follows.

**I.     Background**

The indictment alleges as follows.  Defendant Peter Hoffman was the Chief Executive Officer of Seven Arts Entertainment, Inc. ("Seven Arts"), a company primarily involved in the motion picture and entertainment industry, and owned and controlled numerous companies related to and affiliated with Seven Arts.  Hoffman is also a lawyer.  Defendant Michael Arata, a Louisiana lawyer himself, also owned and operated companies involved in the motion picture industry.  One of Arata's companies, LEAP Film Funds II, L.L.C. ("LEAP"), purchased, sold and brokered

Louisiana film tax credits.

Through their respective companies, Hoffman and Arata purchased property located at 807 Esplanade Avenue in October 2007. In February 2009, Hoffman and Arata submitted an application and supporting documents to the State of Louisiana to receive film infrastructure tax credits for the money that they had spent to renovate the mansion. As required by The Louisiana Motion Picture Incentive Act ("LMPIA"), Hoffman and Arata submitted the claimed expenditures to auditors for verification. They submitted the auditor's report with their 2009 application.

In June 2009, the State of Louisiana issued approximately $1,132,480.80 in tax credits to the 807 Esplanade partnership. Arata paid cash to the partnership for the tax credits (at a discounted price) through LEAP and then sold them to local businesses and individuals for profit.

On February 6, 2014, the grand jury returned an indictment, charging both Hoffman and Arata with wire fraud and conspiracy to commit wire fraud, all in violation of 18 U.S.C. §§2 and 1343. In short, the government charges that Hoffman and Arata conspired to and did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises by submitting materially false, misleading and fraudulent information to the auditors and to the State of Louisiana for the purpose of obtaining film infrastructure tax credits relative to 807 Esplanade.

**II.     The Parties' Contentions**

    **A.     The Motion**

Hoffman now moves for a bill of particulars. Hoffman contends that the indictment does little more than track the language of the statutes. Hoffman lists 26 items that he seeks in particular, most of which relate to which statements and documents were false and misleading and what

regulations or laws govern the alleged fraudulent transactions.

### B. The Government's Opposition

The government contends that the indictment covers the elements of each offense satisfactorily and provides great detail with regard to the specific acts for which defendants are charged. It notes that Hoffman's memoranda reveals that he is intimately aware of the facts, records and circumstances charged in the indictment. The government maintains that what Hoffman really wants is to improperly obtain disclosure of its evidence and theory of prosecution, to which he is not entitled.

The government argues that the majority of the documents referenced in the indictment are defendants' own records and in their possession. Also, in March 2014, the government provided defendants with certain "hot documents" that are pertinent to the allegations in the indictment. It also provided a detailed inventory of all records subpoenaed in this matter and which are available for inspection. Defendants have made no attempt to view these records.

Lastly, the government notes that Hoffman asks whether the government will use Rule 404(b) evidence. The government contends that if it decides to do so, it will follow all proper procedures.

### C. Hoffman's Reply

Hoffman contends that he is entitled to a bill of particulars that particularizes which documents are referred to in the indictment, what statements in the documents are false, and what practices are fraudulent. Hoffman notes that the government alleges 15 overt acts and five instances of wire fraud but forces Hoffman to figure out to which documents the government refers. Hoffman also contends that the government must identify what statements in each document are false. Citing

case law, Hoffman argues that courts have often granted a motion for a bill of particulars when addressing allegations of fraud and falsity.

Citing two cases, Hoffman notes that court have also granted similar motions when the government claimed that certain activities were "specific acts of concealment" or impeded a lawful function of a state agency.

### III.   Law and Analysis

"The purpose of a bill of particulars is to apprise a defendant of the charges against him with enough detail to allow him to prepare his defense." *United States v. Kirkham*, 129 Fed. Appx. 61, 71 (5th Cir. 2005) (citing *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983)); *see also United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978). "A bill of particulars is not required if a defendant is otherwise provided . . . with sufficient information to enable him to prepare his defense and avoid surprise." *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991). "A defendant should not use the Bill of Particulars to 'obtain a detailed disclosure of the government's evidence prior to trial.'" *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (quoting *United States v. Perez*, 489 F.2d 51, 70–71 (5th Cir. 1973)).  It is not designed to compel the government to produce a detailed exposition of its evidence or to explain the legal theories on which it intends to rely at trial. *United States v. Burin*, 621 F.2d 1352, 1359 (5th Cir. 1980).

Where evidence and information sought by a defendant is within his knowledge or can be readily obtained by him, he is not entitled to a bill of particulars. *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). Furthermore, where the government has provided broad discovery, the need for a bill of particulars is reduced. *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

The Court finds that a bill of particulars is unnecessary in this case. The indictment

sufficiently apprises Hoffman of the charges against him and the details of the alleged transactions, including the dates, associated with each allegedly illegal transaction. Indeed, the overt acts reveal the date on which the act occurred and the type of allegedly false and misleading document (*i.e.*, vendor payment certification, application for support, invoices, etc.). Moreover, Counts 2-6 describe in detail the e-mails that form the basis of each count of wire fraud. This is not a standard track-the-langue-of-the-statue indictment. In addition, the government has provided extensive discovery to Hoffman, including several boxes that defendants have not yet deigned to review. Accordingly, Hoffman's request for a bill of particulars is denied.

### IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Bill of Particulars [Doc. #32] is DENIED.

New Orleans, Louisiana, this 28th day of April, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**