

SCHONEKAS
EVANS
McGOEY &
McEACHIN, LLC

William P. Gibbens
504.680.6065
Billy@semmlaw.com

December 17, 2014

**VIA EMAIL AND U.S. MAIL**
Dall Kammer, Esq.
United States Attorney's Office
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130

      Re: *USA v. Peter M. Hoffman, Michael P. Arata, and Susan Hoffman*
         U.S.D.C., EDLA No. 14-CR-22

Dear Dall:

  On behalf of Michael Arata, please find below our expert witness designations. With full reservation of Mr. Arata's rights to remain silent, not present a defense, or present a limited defense, the defense may present the expert testimony of the following witnesses:

  First, the defense may present the expert testimony of F. Kelleher Riess, M.B.A., LL.M., CPA, whose CV is attached. A summary of Mr. Riess's proposed opinions are as follows:

(1) The transactions shown in the records of equipment acquisition, and construction expenditures, submitted for the first application for tax credits, February 26, 2009, appear to be fair and regular, conducted in the ordinary course of business, and in accordance with existing law as it appeared and was understood at that time.

(2) Equipment that is contributed by a business partner is recognized as a sale under federal tax laws.

(3) The Louisiana tax credit statute, La.R.S. 47:6007, and regulations promulgated thereunder, are the only laws and rules that pertain to the administration of the Louisiana movie and infrastructure tax program, eligible expenses and tax credits thereunder, and are the only laws and rules that apply.

(4) There are undefined, vague, confusing provisions in the said statute and regulations, in the pertinent areas of "cash or cash equivalent," "expenditures," and related party transactions.

**GOVERNMENT EXHIBIT A**

Dall Kammer, Esq.
December 17, 2014
Page 2

    (5) Unless defined and made eligible in this statute, any regulations, allowance or disallowance for eligible expenses and tax credits rest with the great discretion of LED public officials.

    (6) The State has approved various and numerous forms of payment for eligible expenses by means other than cash or checks, such as escrow accounts, circular transactions, prepayments, owner financing, accounts payable, leases, 100% related-party transactions, contribution of assets, promissory notes, and similar transactions.

Mr. Riess may also provide testimony concerning accounting principles and practice generally followed in the film and television industry. Finally, Mr. Riess may also give testimony as a summary witness, in accordance with Rule 1006, Federal Rules of Evidence, as to a summary of the publicly filed documents for other projects and applicants. The summary may contain the fact that the LED has approved various and numerous forms of cash equivalent, as described above.

The basis for Mr. Riess' opinions is publicly-filed documents, as well as private communications, which have been provided to the government during discovery.

In addition, the defense may present the expert testimony of Harold A. Asher, C.P.A., whose CV is attached. A summary of Mr. Asher's proposed opinions are as follows:

    (1) There was full and sufficient disclosure by Mr. Arata to all auditors.

    (2) The documents and written communication provided by Mr. Arata to auditors were truthful and not misleading.

    (3) The tax credits issued by the State on June 26, 2009, were due and properly granted.

    (4) Seven Arts' first application, filed February 26, 2009, did not claim more tax credits than were due, and more tax credits were eligible than were claimed and paid.

    (5) The audit conducted by Craig Silva, and communications to Mr. Silva in connection with that audit, appear to be accurate.

    (6) There may have been mistakes and errors in the audit and cost report prepared by Malcolm Dienes in connection with the first application, but these errors were not caused by or the fault of Mr. Arata.

Mr. Riess may also provide testimony concerning accounting principles and practice generally followed in the film and television industry.

Dall Kammer, Esq.
December 17, 2014
Page 3

The basis for Mr. Asher's opinions, and the only documents that he reviewed, are the Malcolm Dienes file and documents provided on the hard drive, provided by the government during discovery.

Finally, the defense may present the testimony of Dane Ciolino as a fact witness on Mr. Arata's termination of his representation of Mr. Hoffman. Much of the substance of that testimony is in Mr. Ciolino's affidavit filed with our Motion to Dismiss for Improper Joinder. In connection with that testimony, Mr. Ciolino may also testify about the advice he provided to Mr. Arata on Mr. Arata's obligations and duties as an attorney under the Rules of Professional Conduct.

We reserve the right to have any of the above changed, modified, deleted or supplemented, based on additional documents that are being discovered, our continuing investigation, and testimony and evidence presented by the government at trial.

With kind regards, I remain

Sincerely,

Billy Gibbens

WPG/tlb
Encls.
cc:   Mr. Michael Reese-Davis