# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 2:14-CR-00022 |
| | * | |
| PETER M. HOFFMAN, | * | |
| MICHAEL P. ARATA, and | * | |
| SUSAN HOFFMAN | * | |
| Defendants | * | |

## DEFENDANTS PETER AND SUSAN HOFFMAN PRETRIAL MEMORANDUM

Defendants Peter and Susan Hoffman, through undersigned counsel, respectfully submit the following statements of issues of law:

1. Is the government obligated to prove one or more material false representations of fact in the documents alleged in Counts 2 through 21 inclusive of the Second Superseding Indictment [Dkt. 78]?  See Proposed Jury Instructions at pp. 8-9.

2. Does the specific intent to defraud require that the defendants act purposely with an intent to do something the law forbids? See Proposed Jury Instructions at pp. 11, 12, 13 and 22.

3. Is the government obligated to prove that the harm intended to be caused by defendant is material and goes to the same essential part of the bargain with LED?  See Proposed Jury Instructions at p. 2, 14-15, 21.

4.  Is the government obligated to prove that the defendants had fair warning under the Film Tax Credit Statute that their conduct as alleged was illegal?  See Proposed Jury Instructions at p. 14.

5.  May the jury consider as circumstantial evidence of any defendant's state of mind whether LED was actually harmed by the actions of any defendant?  See Proposed Jury Instructions at pp. 14-15.

6.  Are defendants entitled to a "good faith" instruction requiring the government to prove that the defendants' actions were not done in "good faith?"  See Proposed Jury Instructions at pp. 15-16.

7.  Is Mr. Hoffman entitled to an instruction regarding reliance on "advice of counsel?" See Proposed Jury Instructions at pp. 16-17.

8.  Are the defendants entitled to a theory of the case instruction that the Federal government's purpose in prosecuting the defendants is improper?  See Proposed Jury Instructions at p. 17-18.

9.  Is the government obligated to prove that the alleged material false representations in the documents alleged in Counts 2 through 21 are of a material existing fact which is capable of being true or false and are not merely opinions or claims of tax benefits?  See Proposed Jury Instructions at pp. 3, 19.

10.  May the jury consider the specialized knowledge and statutory power of LED in determining whether any false representation would have a material tendency to influence LED See Proposed Jury Instructions at pp. 20-21.

11.  Must the government prove that any mailed matter or interstate wire communication be integral to advancing the alleged scheme to defraud?  See Proposed Jury Instructions at pp. 22, 24.

12.  Must the government prove that the sender and receiver of a wire communication be in different states in order to prove that the wire communication was "in interstate commerce?"  See Proposed Jury Instructions at p. 24.

13.  Are communications of predominantly legal advice between Defendant Michael Arata and Defendant Peter Hoffman as a manager of Seven Arts Pictures Louisiana LLC to be excluded from evidence at trial?

14.  Is the anonymous letter from Defendant Michael Arata to former US Attorney James Letten to be excluded from evidence at trial?

15.  Should the trials of Defendants Michael Arata and Peter Hoffman be severed due to possible exculpatory statements by Mr. Arata?

16.  Should the jury be permitted to view the property at 807 Esplanade Ave. or see large color photographs of this property?

17.  Are Counts 2, 3, 5,8, 9, 10, 11, 12, 13, 14, 15, 16, 18 and 19multiplicitious to Counts 4, 6, 7, 17, 20 and 21?

18.  Is the government obligated to prove that the Film Tax Credit Statute (2007), as interpreted based on public available rulings or other materials:

    A.  Required final payment in cash or cash equivalents in order to claim both base investment and release and issuance of infrastructure tax credits under the Pre-Certification?

    B.  Did not permit payment in property or by set-off of debts between companies?

    C.  Had its purpose to promote spending in the State of Louisiana in building film infrastructure projects.  See Proposed jury Instructions 6-7.

See Proposed Jury Instructions at 6-7.

19.   If the government does prove each of the items set forth in 18A-C above, based on the testimony of witnesses long after the event charged, does prosecution based on such interpretation violate United States Constitution Art. 1, §10 as an ex post facto law or a law impairing the obligations of contacts?  See Proposed Jury Instructions at 6-7.


Respectfully submitted,


/s/ Lance C. Unglesby
_____
Lance C. Unglesby (29690)
The Unglesby Law Firm
246 Napoleon Street
Baton Rouge, Louisiana 70802
T: (225) 387-0120
F: (225) 336-4355
lance@unglesbylaw.com


/s/ Patrick Fanning
Patrick Fanning (5441)
238 Huey P. Long Ave.
Gretna, La.  70053
Tel : (504) 368-7888
pfanninglaw@aol.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 6th day of April, 2015, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of the filing will be sent to all counsel of record, by operation of the court's electronic filing system.

*s/Lance C. Unglesby*

_____

Lance C. Unglesby