UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | **CRIMINAL NO. 14-22** |
| **v.** | \* | **SECTION: F** |
| **PETER M. HOFFMAN** | \* | |
| **MICHAEL P. ARATA** | | |
| **SUSAN HOFFMAN** | \* | |

\*   \*   \*

**UNITED STATES' SUPPLEMENTAL OPPOSITION
TO DEFENDANTS' MOTIONS REGARDING GRAND JURY ABUSE**

Pursuant to this Court's March 31, 2015 Order (Rec. Doc. 422), the government respectfully provides the following additional information and jurisprudence.

**I.   Arata's Assertions**

On March 27, 2015, Arata filed a "Reply Memorandum" complaining about the testimony of State forensic auditor Michael Daigle. Arata asserts that Daigle erroneously testified that a "qualifying expenditure" for the Louisiana tax credit program "has to be cash expenditures. It can't be liabilities or 'promissory notes.'" (Rec. Doc. 410-2, p. 2). Arata challenged Daigle's testimony stating that an "expenditure" can be an "actual payment of cash or *cash equivalent*, paid by or on behalf of a state certified infrastructure project, exchanged for goods and services . . . ." *Id*. (emphasis in original). Contrary to the Hoffmans, Arata supported the government's contention that "the case agent did not provide the legal instructions on which the grand jury evaluated the charges in the indictment." *Id*. at 1. Finally, Arata requested the government "confirm that it did not instruct the grand jury that the tax credit program was limited to cash only expenditures . . . ." *Id*. at 3.[1]

---

[1] Contemporaneously with the filing of this brief, the government is delivering copies of the grand jury colloquy to chambers for *in camera* review in compliance with the Court's March 31, 2015 Order.

On April 6, 2015, Arata filed another memorandum. (Rec. Doc. 435). This time, he requests dismissal of the indictment because of Daigle's testimony, even though he admits that the jury is not instructed through witness testimony. (Rec. Doc. 410-2, p. 1). Arata also complains that the case agent testified as follows:

> To the best of my understanding, especially with the infrastructure tax credit program, it is on a cash basis where a company has to actually have expended that money, not just promised to pay or have an accrual, for example, that's an accounting term that I could explain.

*Id*. at 2.[2] Arata, then states: "Unless this misstatement is corrected elsewhere in the record, this fundamental error should result in the dismissal of the indictment." (Rec. Doc. 435, p. 3).

With regard to SA Blythe, Arata only considers two pages of the agent's eight transcripts. Although the government does not concede the relevance, accuracy, or application of Arata's complaints to this case, the case agent testified: "An expenditure is, is money actually permanently leaving the account of the payor and going to the payee's account. It's providing cash or *cash equivalent* for something of value in return." February 6, 2014 Grand Jury testimony of Robert Blythe, p. 35, attached as Hoffman Exhibit E (Rec. Doc. 376-6) (emphasis added). This testimony occurred on the day the first indictment was returned by the grand jury and three months after the testimony of Daigle.

Furthermore, when read in context, it appears that Daigle is referring to the difference between cash based accounting and accrual based accounting,[3] not that the film tax credit program was "cash only" as Arata claims. (Rec. Doc. 435, p. 1). Nowhere does Daigle say that a "cash equivalent" is not acceptable. In any event, Daigle was a witness. He was not providing

---

[2] As was previously briefed by the government, "cash basis" is an accounting term referring to the type of audit that was conducted (i.e., as opposed to accrual basis). (Rec. Doc. 408, pp. 4-5).
[3] The court will note that all audit reports prepared in this case were on the "cash basis" of accounting (Rec. Doc. 408, pp. 4-5); not "cash only."

the instructions to the grand jury. He will be called at trial, and will be subject to cross-examination.

## II.     Hoffman's Assertions

Yet again, Hoffman continues to repeatedly argue irrelevant issues to the charges in this matter. His claimed "essential element" that the government must prove *mens rea* in that he "had no good faith belief that [his] actions were lawful" has been dispensed with by this Court. (Rec. Doc. 430, p. 2); Court's March 20, 2015 Order and Reasons (Rec. Doc. 390). The indictment is not based on "instructions on the Film Tax Credit Statute." (Rec. Doc. 430, p. 2). Furthermore, the government has always maintained, and this Court has found, that the "legality of the defendants' conduct under state law [is] irrelevant." (Rec. Doc. 390, p. 12-13). As will be discussed below, Hoffmans' spin on the law and facts is insufficient to dismiss a properly returned grand jury indictment.[4]

## III.    The Law

The government began this brief by discussing the facts because correction of the defendants' misrepresentations about the grand jury proceedings dispel their complaint on its face. However, the well-settled jurisprudence supports the government's position that dismissal of the indictment is inappropriate.

"A grand jury is afforded wide discretion in its investigation of criminal activity, and thus [this Court's] scope of review of a grand jury proceeding is extremely narrow." *United States v. Malson*, 779 F.2d 1228, 1241 (7th Cir. 1985); *see also United States v. Wilson*, 732 F.2d 404, 409 (5th Cir. 1984) ("Traditionally, the grand jury has been accorded wide latitude in its

---

[4] Again, the government does not concede any of Hoffman's factual allegations and interpretations of law. His assertions are irrelevant to the resolution of this motion.

3

investigation of possible criminal offenses."). Thus, "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). As the Supreme Court has further held, "an indictment on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *United States v. Calandra*, 414 U.S. 338, 345 (1974); *see also United States v. Cruz*, 478 F.2d 408, 412 (5th Cir. 1973) ("We will not review the sufficiency of the evidence, if any, supporting the grand jury indictments in this case.").

"The prosecutor is under no obligation to give the grand jury legal instructions" and "[c]ourts . . . generally have found that the prosecutor satisfactorily explains the offense to be charged by simply reading the statute to the grand jury." *United States v. Lopez-Lopez*, 282 F.3d 1, 9 (1st Cir. 2002)); *see also United States v. Zangger*, 848 F.2d 923, 925 (8th Cir. 1988). "[E]ven if an incorrect instruction was given to the grand jury . . . the indictment was valid on its face and was sufficient to require a trial of the indictment on the merits." *United States v. Battista*, 646 F.2d 237, 242 (6th Cir. 1981).[5]

"The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered." *Calandra*, 414 U.S. at 344-345. "A defendant has no right to require that the Government present all available evidence at this proceeding." *United States v. Brown*, 574 F.2d 1274, 1275 (5th Cir. 1978). Similarly, the Fifth Circuit has "long ago determined that a complaint that the failure of the government to present evidence to the grand jury which the defendants thought would have been

---

[5] The government maintains that the grand jury was properly instructed on the applicable federal charges by the prosecutors.

exculpatory was wholly without merit." *United States v. Williams*, 809 F.2d 1072, 1083 (5th Cir. 1987). "A court should not inquire into the sufficiency of the evidence before the indicting grand jury, because the grand jury proceeding is merely a preliminary phase . . . and all constitutional protections are afforded at trial." *United States v. Valencia-Lucena*, 925 F.2d 506, 511 (1st Cir. 1991). "[A] district court may not dismiss an indictment for errors in grand jury proceedings unless such error prejudiced the defendant." *United States v. Whitfield*, 590 F.3d 325, 359 (5th Cir. 2009).

**IV.     Conclusion**

For the foregoing reasons, the defendants' motion should be denied.

Respectfully Submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY


s/ G. Dall Kammer
G. DALL KAMMER
ASSISTANT UNITED STATES ATTORNEY
Louisiana Bar No. 26948
650 Poydras, Suite 1600
New Orleans, Louisiana  70130
Telephone: (504) 680-3168
Email: dall.kammer@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

                                                s/ G. Dall Kammer
                                                G. DALL KAMMER
                                                Assistant United States Attorney