UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| V. | NO. 14-022 |
| PETER M. HOFFMAN,<br>MICHAEL P. ARATA,<br>SUSAN HOFFMAN | SECTION F |

ORDER AND REASONS

Before the Court are two motions: (1) the government's motion to vacate the Court's June 16, 2017 judgment; and (2) the Louisiana Department of Economic Development's motion for reconsideration and motion to quash order. For the reasons that follow, the motions are DENIED as moot.

**Background**

The pending motions arise from a request for a post-judgment civil contempt hearing by three defendants who stand convicted of wire fraud and conspiracy. Appeals from the convictions, as well as cross appeals on various issues, are pending before the U.S. Fifth Circuit Court of Appeals. This Order and Reasons and the

1

accompanying modified Judgment assumes familiarity with all proceedings.

There was substantial motion practice in this criminal case prior to trial. Pretrial discovery included subpoenaing records from the State of Louisiana, in particular, those state agencies charged with administering the film tax credit statute, the Louisiana Department of Economic Development and Louisiana Division of Administration. After motion practice directed to the scope of the Rule 17(c) subpoena (and, unfortunately, motion practice directed to resolving the state agencies' misconceived overbroad assertions of privilege), the state agencies produced some responsive, non-privileged materials, which included communications from those individuals haphazardly administering the film tax credit statute in processing applications. Many of these communications were used at trial as exhibits to elicit testimony from state agency witnesses as part of one of the defenses advanced by the defendants, which was that each of them lacked the requisite intent to defraud as demonstrated by their good faith participation in the tax credit application process in conformance with the custom and practice of the state film tax credit industry.

Following an 11-day jury trial, the defendants were convicted of various charges including conspiracy to commit wire fraud, wire fraud, and, as to Mr. Arata, making false statements to federal agents. Each defendant filed post-verdict motions for judgments of acquittal and requests for new trial. On December 9, 2015, the Court granted in part the motions for judgment of acquittal, but denied the motions for new trial filed by Peter Hoffman and Michael Arata; and the Court denied Susan Hoffman's motions. Although the Court vacated convictions as to several counts, the Court upheld the Count 1 conspiracy conviction as to all three defendants; upheld Peter Hoffman's conviction as to Counts 6 and 8 through 21; upheld Michael Arata's conviction as to Count 6; and upheld Susan Hoffman's conviction as to Counts 11 and 21. Following a hearing and Court ruling on restitution and forfeiture, each of the defendants and the government noticed appeals of various issues. Those appeals are pending.

Meanwhile, on June 28, 2016, a report was issued by the State of Louisiana, Office of State Inspector General. According to the inspector general in his letter transmitting the report to the governor:

> This report details our investigation into the Louisiana Motion Picture Investor Tax Credit applications submitted to the Louisiana Department of Economic

> Development by Horizon Entertainment for the productions entitled *Saintsational* and *The Sean Payton Show*.
>
> The report includes four recommendations that we believe, if implemented, will address the findings detailed in this report and serve to prevent further abuses of the state's Motion Picture Investor Tax Credit Program.
>
> We provided drafts of the report to the attorneys for Horizon Entertainment and to the Louisiana Department of Economic Development. Their responses are included as Appendix A.

This report prompted the defendants' application for an order to show cause why the state agencies should not be held in civil contempt or sanctioned for failure to turn over materials responsive to a pretrial subpoena. (Materials concerning certain Horizon productions and projects, including *Saintsational* and *The Sean Payton Show*, were subpoenaed from the state agencies). The Court heard oral argument to consider whether the defendants had made a showing sufficient to warrant some limited discovery or a limited evidentiary hearing in order to compile support for their application. Indeed they had: counsel for the state agencies admitted that some materials responsive to the subpoena had not been produced.[1] At the conclusion of the hearing, counsel for

---

[1] It remains unclear how many documents should have been, but have not been, produced. An excerpt from the transcript of the hearing where counsel for LED attempts to explain that very few documents had been withheld:

defendants and counsel for the state agencies agreed to submit a proposed judgment for the Court. Failing to agree on a couple of issues, months later, the defendants and the state agencies submitted slightly varied competing judgments. On June 16, 2017, the Court issued a judgment. The government and the LED now complain that, insofar as the judgment calls for production of materials beyond the scope of the November 25, 2014 subpoena, the Court is without jurisdiction to order enforcement or production of materials while the matter is on appeal.

I.

It is settled and uncontested that the Court has jurisdiction, regardless of the pending appeal, to enforce its own orders such as the pretrial Rule 17 subpoena issued on November 25, 2014. It is likewise uncontested that the state agencies, as admitted in open Court, failed to turn over all documents responsive to the pretrial subpoena. Although the Court has denied without prejudice

---

> [W]e only found four things, other than the letter, that were not produced – scratch that. There was only one thing that wasn't produced.
>
> There were two things that weren't produced. It was an email that wasn't captured, so we weren't aware of it because it just didn't come up.
>
> ...

as premature the defendants' motion for contempt pending resolution of the appeal, in order to preserve evidence and develop the evidentiary record concerning the withheld materials and the extent of the state agencies' noncompliance with the subpoena, the Court has ordered production of all materials responsive to the pretrial subpoena and has ordered a limited evidentiary hearing (which has been continued without date).[2]

Insofar as the Court's June 16, 2017 Judgment has been construed by the government and the LED as calling for production of records beyond the scope of the pretrial subpoena, and therefore beyond the Court's jurisdiction while this matter is on appeal, IT IS ORDERED: that the June 16, 2017 Judgment is hereby VACATED, and a new Judgment is hereby issued clarifying the scope of the materials that shall be produced.[3] The government's motion to

---

[2] That the state's prior failure to turn over all responsive documents might, now, result in supplementing the appellate record is not a credible justification for this Court to refrain from exercising its jurisdiction over enforcement of its prior order. The significance of what is contained in the withheld documents cannot be known until the state agencies finally comply with this Court's order.

[3] Insofar as counsel for LED takes issue with certain language used in the Judgment regarding "Horizon," as opposed to explicitly tethering the term "Horizon" to those projects mentioned in the pretrial subpoena, the Court is somewhat baffled, considering that it is the Horizon report that exposed the state agencies' failure to comply with the subpoena, and it was counsel for the state agencies that included the same generic reference to "Horizon" in its proposed judgment. Counsel for the state agencies seem to have adopted the same custom of sloppy nonchalance characteristic

vacate and the LED's motion for reconsideration are hereby DENIED as moot.

New Orleans, Louisiana, August 11, 2017

_____
MARTIN L. C. FELDMAN
U.S. DISTRICT JUDGE

---

of the state administration of its film tax credit program. It should go without saying that the state agencies must perform searches for documents adequate to discover all documents responsive to the pretrial subpoena; it is not sufficient for the state agencies to simply use search terms for those Horizon projects mentioned in the subpoena unless each and every document pertaining to the relevant projects will be captured. The Court will offer no clarifications or extensions to the state agencies, which have been dragging their feet, to the point of obstructionism, on this production that should have been completed years ago. Only if the defendants and the state agencies agree that the production and evidentiary hearing should be postponed will the Court entertain any request for delay.