UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 14-22** |
| **v.** | * | **SECTION: "F"** |
| **PETER M. HOFFMAN** | * | |
| **MICHAEL P. ARATA** | | |
| | * | |

\* \* \*

**UNITED STATES' OPPOSITION TO
PETER HOFFMAN'S MOTION TO CONTINUE SENTENCING**

On October 2, 2019, counsel for Peter Hoffman, Philip H. Stillman, petitioned this Court to appear *pro hac vice* through counsel for Susan Hoffman. Rec. Doc. 842. On October 3, 2019, this Court continued Peter Hoffman and Michael Arata's sentencing date to its current setting of January 8, 2020. Rec. Doc. 847. At that time, the Court ordered all parties to file memoranda on all sentencing related issues by October 30, 2019. All briefing for Peter Hoffman's motion for a sentencing hearing on intended loss, the defendants' discovery motions, and the defendants' motion to vacate forfeiture had been previously filed, and oral argument was set for November 20, 2019.

Up until the time Mr. Stillman enrolled, Peter Hoffman, a Yale educated attorney, chose to represent himself (and continues to do so), at least since mandate issued on October 25, 2018. Rec. Doc. 792. Hoffman has authored numerous briefs throughout this case, and appeared on his own behalf at oral argument. Indeed, at the November 20, 2019 oral argument, Mr. Stillman was absent and Peter Hoffman argued on his own behalf.

To the Court's and the government's surprise, at the December 20, 2019 hearing, for the first time, Mr. Stillman appeared and orally requested a continuance of the long scheduled January

8, 2019 sentencing. During the numerous rounds of briefing deadlines and oral argument, there was no mention of any scheduling conflicts.

On December 27, 2019, the government received a discovery letter from Mr. Stillman via email. *See* December 27, 2019 email and letter, attached as Exhibit A.[1] Then, on December 31, 2019 at 3:30 p.m., Mr. Stillman filed the instant motion to continue (Rec. Doc. 888) urging three justifications: 1) his six week vacation, 2) his supplemental briefing regarding intended loss, 3) and yet another *Brady* motion to be filed January 3, 2020. None of these justifications warrant a continuance.

**1.    Mr. Stillman's Untimely Notice of His Vacation**

At no time prior to December 20, 2019 did Mr. Stillman raise this issue, although he had been enrolled in the case for almost three months. Throughout all of the briefing and deadlines set by this Court, no conflicts regarding the sentencing date were raised. As this Court noted at the December 20, 2019 oral argument, Mr. Stillman should not have agreed to representation if he could not comply with the deadlines.[2] After oral argument, Mr. Stillman waited 10 days and filed his continuance request late in the day on New Year's Eve. Except for his vacation plans, none of the other reasons for a continuance contained in his motion (additional briefing, discovery, witnesses) were mentioned during the December 20, 2019 oral argument.

Peter Hoffman chose to represent himself throughout these proceedings, and has authored the briefs and objections to the PSR that are before this Court. Sentencing should proceed as scheduled.

---

[1] The letter attached to the December 27, 2019 email was dated December 24, 2019. The government responded on January 2, 2020, stating that it had complied with all discovery obligations. *See* January 2, 2020 letter attached as Exhibit "B."
[2] Furthermore, if Mr. Stillman planned this vacation after being aware of the Court's deadlines, he did so at his own peril.

**2.     Supplemental Briefing Regarding Intended Loss**

As has been detailed in the numerous briefs filed by the government, and will be further detailed in the government's supplemental brief on intended loss ordered by the Court to be filed tomorrow, intended loss is now settled as a result of mandate, law of the case, and waiver – it is no longer subject to further litigation or evidentiary hearings outside of the express directives of the Fifth Circuit. There is no merit to this reason for a continuance.

**3.     Hoffman's New Motion to Vacate Convictions**

This Court ordered that all sentencing-related briefing be submitted by October 30, 2019. Hoffman's proposed motion is untimely and should not be entertained as a reason for further delay. Furthermore, the government has repeatedly briefed the issues regarding Hoffman's alleged "Brady violations." The arguments are cumulative and have been flatly rejected by the Fifth Circuit and the Jury. Hoffman's continued attempts to steer the focus of this case away from the specific examples of deceit, misrepresentation, and concealment focused on by the government, the jury, and Fifth Circuit should not be entertained.

**4.     Delay Tactics to Obtain Discovery Should Not Be Entertained**

These last minute motions being filed by Hoffman on the eve of sentencing are delay tactics. Both the vacation request and the new Motion to Vacate should have been filed months ago. These issues have been repeatedly briefed by the parties, and no further briefing is necessary.

In any event, what Hoffman really wants is time to conduct improper discovery outside of the strictures imposed in *habeas* proceedings. As evidenced by his motion to continue, and the December 27, 2019 discovery letter that Hoffman fails to mention in the instant motion, Hoffman's true intention is to delay these proceedings and go on an extensive "fishing expedition" into areas

3

well outside the bounds of the current posture of this case and applicable law. There has been no legitimate challenge to the government's extensive briefing regarding the unavailability of discovery outside of meeting the strictures of post-sentencing *habeas* proceedings - even Arata has acquiesced on this point. It also bears mentioning that Arata sees no reason to delay his own sentencing and does not join in Hoffman's reasons for doing so. *See* Rec. Doc. 889.

## **CONCLUSION**

Waiting to inform the Court of his counsel's six week vacation and his anticipated Motion to Vacate until the eve of sentencing is a delay tactic that should not succeed. Hoffman's arguments regarding intended loss are no reason to continue the sentencing because they are barred by mandate, law of the case, and the waiver doctrine. To the extent Hoffman is seeking discovery, his requests are procedurally improper and substantively irrelevant.

Respectfully submitted,

MICHAEL M. SIMPSON
Attorney for the United States Acting
Under the Authority Conferred by
28 U.S.C. § 515.

*s/ G. Dall Kammer*
G. DALL KAMMER (26948)
ANDRE J. LAGARDE
Assistant United States Attorneys
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3168
Email: dall.kammer@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 2, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all defense counsel of record.

                                                   *s/ G. Dall Kammer*
                                                   G. DALL KAMMER
                                                   Assistant United States Attorney