UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                      CRIMINAL ACTION

v.                                             NO. 14-022

PETER M. HOFFMAN                               SECTION F

ORDER AND REASONS

Before the Court is Peter Hoffman's motion for reconsideration of this Court's February 19, 2020 Order and Reasons on Resentencing. For the reasons that follow, the motion is dismissed for lack of jurisdiction.

**Background**

This Order and Reasons assumes familiarity with these protracted white-collar criminal proceedings. Following contentious pretrial proceedings, an 11-day jury trial, post-trial proceedings, direct cross-appeals by all parties culminating in the Fifth Circuit's mandate, United States v. Hoffman, 901 F.3d 523 (5th Cir. 2018), and writ of certiorari denial by the U.S. Supreme Court, Peter Hoffman stands convicted of 20 counts of wire and mail fraud and a single count of conspiracy. Given that a majority panel of the U.S. Fifth Circuit Court of Appeals determined that Peter Hoffman's sentence of 60 months' probation -- the maximum period of probation allowable by law -- was

1

substantively unreasonable, Peter Hoffman was resentenced on February 19, 2020 to serve 20 months in the custody of the Bureau of Prisons.  The Court issued a lengthy Order and Reasons on Resentencing explaining the history of these proceedings bearing on resentencing, the law of the case and mandate of the U.S. Fifth Circuit Court of Appeals, and the reasons for imposing sentence. See Order and Reasons dtd. 2/19/20.  A Judgment and Commitment Order along with a Statement of Reasons for imposing sentence was issued along with the Order and Reasons immediately following the resentencing hearing.  Mr. Hoffman now seeks reconsideration and clarification of the Court's February 19, 2020 Order and Reasons on Resentencing; and, in light of the COVID-19 pandemic, he also asks the Court to modify his custodial sentence to a period of home confinement.

I.

A.

Once imposed, sentences are final and may not be modified. See 18 U.S.C. § 3582(b).[1]  Congress prescribes few exceptions to

---

[1] 18 U.S.C. § 3582(b) provides:

> **(b) Effect of finality of judgment.**--Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
>   (1) modified pursuant to the provisions of subsection (c);

2

this finality rule. See id. at § 3582(c). Specifically, § 3582(c) limits the authority of district courts to modify a term of imprisonment to the following circumstances: (1) the district court may reduce or modify a prison term upon motion of the Director of the Bureau of Prisons (or upon the defendant's motion after exhausting administrative rights within the BOP or 30 days after the warden receives a defendant's request) if specified conditions (extraordinary and compelling reasons or the defendant is a certain age and has served a certain length of time in prison) are met; (2) the district court may modify an imprisonment term if expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;[2] or (3) the district court may modify a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) after considering sentencing factors and Sentencing

---

> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

[2] Rule 35 permits a sentence reduction as a result of a defendant's substantial assistance, "upon the government's motion." Fed. R. Cr. P. 35(b).

3

Commission policy statements. None of these circumstances are present here.

*B.*

This Court has entered a judgment of conviction including imposing a 20-month term of imprisonment for Peter Hoffman. This is "a final judgment and may not be modified by a district court except in limited circumstances." See <u>Dillon v. United States</u>, 560 U.S. 817, 824 (2010). "Outside [Congressional] provision of authority, errors at sentencing may be corrected only on appeal." <u>United States v. Murray</u>, 700 F.3d 241, 243 (5th Cir. 2012).

None of the limited exceptions to the finality rule are triggered by the grounds advanced by Mr. Hoffman in his motion for reconsideration or his supplemental papers. His motion must be dismissed on this basis alone. Mr. Hoffman's initial motion for reconsideration was filed before the global COVID-19 pandemic instigated declaration of a national emergency. He invoked Federal Rules of Civil Procedure 59 and 60, advancing a litany of arguments: the Court erred in failing to give him credit for four years of probation and should recommend to BOP that these years count towards his eligibility for the elderly release program and these years should also be credited towards the two years of supervised release ordered to follow his term of imprisonment; the

4

Court failed to consider his argument that purported Brady violations establish that the U.S. Probation Office employed the wrong state law in determining "intended loss" in the PSR; the Court erred in denying his request for an evidentiary hearing regarding subjective intent to cause loss; the Court erred in finding that the law of the case doctrine controlled the intended loss calculation; and the Court failed to state the basis for the denial of each of the sentencing enhancements applied, rendering it difficult to determine whether to appeal on this ground. Each of Mr. Hoffman's perceived grounds for error were controlled by the law of the case doctrine and addressed in the Court's lengthy Order and Reasons on Resentencing, which is incorporated here by reference. See Order and Reasons dtd. 2/19/20. Absent a statutory source authorizing modification of his sentence, Mr. Hoffman's motion must be dismissed.[3]

---

[3] Mr. Hoffman unpersuasively invokes Rules 59 or 60 of the Federal Rules of Civil Procedure. See, e.g., United States v. Mungia, 776 Fed.Appx. 256 (5th Cir. 2019)(unpublished, per curiam, citing United States v. Early, 27 F.3d 140, 141-42 (5th Cir. 1994)("To the extent that [the defendant] challenges the district court's denial of his Rule 60(b) motion in the context of his criminal proceedings, he is appealing from a 'meaningless, unauthorized' motion that the district court lacked jurisdiction to consider."); United States v. Head, 747 Fed.Appx. 266 (5th Cir. 2019)(unpublished, per curiam)("Rule 60 does not apply in this criminal case. See Fed. R. Civ. P. 1.").

C.

Since the COVID-19 pandemic has been declared a national emergency and has demonstrably posed a unique threat to institutional living environments, Mr. Hoffman has supplemented his motion for reconsideration to urge the Court to modify his custodial sentence from prison to one of home confinement. Again, he cites no source authorizing the *district court* to do so *at this time*; he is not yet in custody.[4] For its part, the government

---

[4] Mr. Hoffman's circumstances come closest to the finality exception in 18 U.S.C. § 3582(c)(1)(A). As he concedes and as made clear by the text of this subsection, however, Mr. Hoffman is neither in custody nor has he (nor could he have) exhausted his administrative remedies at this juncture. Section 3582(c)(1)(A) provides:

> (c) Modification of an imposed term of imprisonment.-- The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portions if the original term of imprisonment), after considering

summarizes the various ways Congress, the Attorney General, and the BOP have targeted the COVID-19 pandemic, including by prioritizing and expanding the availability of home confinement for prisoners in custody.  None of these new measures or policies, the government argues, grant this Court jurisdiction to change Mr. Hoffman's sentence.  The Court agrees.

As it did when it granted Mr. Hoffman's motion to delay his self-surrender date, the Court takes note of Mr. Hoffman's concerns regarding residing in a custodial setting during this COVID-19 pandemic.  But these concerns do not empower the Court to modify or reduce his term of imprisonment.  Congress has not authorized district courts to alter a sentence of imprisonment except in

---

the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided in section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

7

circumscribed circumstances not present here.  To consider whether Mr. Hoffman would or will be eligible for compassionate release would be purely advisory at this juncture.  Suffice to say, none of the authorities or policies being implemented by the DOJ and BOP during this pandemic serve to expand this Court's jurisdiction to permit it to alter or modify Mr. Hoffman's sentence of imprisonment at this time.  The DOJ and BOP procedures and policies Mr. Hoffman references in his papers are implemented by the BOP, not the district court, once the defendant has reported to the BOP to serve his custodial term.  One certainty in these uncertain times is that the Court lacks jurisdiction to consider Mr. Hoffman's present request for home confinement or for compassionate release.

Finally, Mr. Hoffman assails the bureaucracy express and inherent in the BOP's implementation of Congressional and DOJ compassionate release policy.  Mr. Hoffman characterizes as "regrettable" and "expected" the government's purported failure to acknowledge the health threats posed by serving a custodial sentence during the COVID-19 pandemic.  Mr. Hoffman overlooks that the government did not object to his request to delay his self-surrender date; the Court granted his request without opposition and without hesitation.  The government has allowed, "[i]f Hoffman files another motion to delay his report date, circumstances

involving COVID-19 may warrant additional delay."  A reasonable observation in the face of the bureaucracy about which Mr. Hoffman complains and which this Court lacks power to address at this time.

***

On resentencing, the Court was restricted by the law of the case doctrine, and, in particular, the majority panel's mandate that Mr. Hoffman be sentenced to a term of imprisonment.[5]  Now, considering Mr. Hoffman's motion for reconsideration or modification of that custodial sentence, the Court is without jurisdiction.  Accordingly, Mr. Hoffman's motion for reconsideration is hereby DISMISSED for lack of jurisdiction, without prejudice to him urging the relief he seeks when authorized or in the context of an appeal.

New Orleans, Louisiana, May 13, 2020

MARTIN L.C. FELDMAN
U.S. DISTRICT JUDGE

---

[5] This Court's personal view of the mandate is of no consequence.