UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| v. | NO. 14-22 |
| **PETER M. HOFFMAN, ET AL.** | SECTION L |

### ORDER AND REASONS

The Court has before it Defendant Peter Hoffman's Motion to Cancel Pretrial Supervision. R. Doc. 1018. The Government opposes. R. Doc. 1020. Having considered the briefing and the applicable law, and heard the parties at oral argument, the Court now rules as follows.

**I.     BACKGROUND**

After Mr. Hoffman's arrest in February of 2014, this Court set various conditions for his pre-trial release.  R. Doc. 17. Mr. Hoffman was tried by jury, convicted, and sentenced to five years of probation. However, Mr. Hoffman's sentence of probation was reversed by the Fifth Circuit and his case remanded for resentencing. *United States v. Hoffman*, 901 F.3d 523 (5th Cir. 2019). Subsequently, this Court sentenced Mr. Hoffman to a custodial sentence of twenty months, R. Doc. 912, but stayed his self-surrender date pending appeal. R. Doc. 932. Mr. Hoffman's second appeal remains pending on the Fifth Circuit, and Mr. Hoffman remains released as of the issuance of this order.

**II.     DISCUSSION**

Mr. Hoffman now moves this Court to terminate the conditions of his release. R. Doc. 1018.

He argues that he has completed the five year term of probation to which this Court initially sentenced him, and that as a result there is no legal basis for his continued supervision. *Id.* However, as the United States points out, Mr. Hoffman did not complete his five year term of probation: that sentence was vacated by the Fifth Circuit. R. Doc. 1020. Mr. Hoffman was then resentenced by this Court. Mr. Hoffman has yet to begin serving his twenty month custodial sentence due to the pending appeal and this Court's willingness to stay the inception of that term, but he nonetheless was still sentenced to twenty months of incarceration. Accordingly, Mr. Hoffman remains released on bond pending self-surrender subsequent to his resentencing. This Court thus retains the legal authority to impose on Mr. Hoffman certain conditions of that release. Mr. Hoffman must continue to adhere to the conditions of his release as imposed by this Court and administered by United States Probation.

Ultimately, Mr. Hoffman has been sentenced to a custodial sentence of twenty months. He may either begin to serve that sentence, or he may, in the Court's discretion, remain on conditional release pending the conclusion of his appeal. In this case and under these circumstances, the Court finds that it is appropriate for Mr. Hoffman to remain on release, subject to the conditions it has already imposed, pending the Fifth Circuit's decision on his pending appeal.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion is **DENIED**.

New Orleans, Louisiana, this 8th day of December, 2022.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE