UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 14-22 |
| PETER M. HOFFMAN, ET AL. | SECTION L |

### ORDER & REASONS

Before the Court is Defendant Peter Hoffman's ("Hoffman") Motion for Termination of Supervised Release. R. Doc. 1080. The Government opposes the motion. R. Doc. 1083. Defendant replied. R. Doc. 1084. After a review of the record, briefings, and applicable law, the Court rules as follows.

I.   BACKGROUND

In 2014, a grand jury returned a 25-count Second Superseding Indictment against defendants Peter Hoffman, Michael Arata, and Susan Hoffman. All three defendants were charged with conspiracy to commit mail and wire fraud by submitting false and misleading expenditure claims in applying for state tax credits under the Louisiana Motion Picture Incentive Act in relation to their company, Seven Arts Entertainment ("Seven Arts") and the company's mansion on Esplanade Avenue in New Orleans. Following an 11-day jury trial in April of 2015, the defendants were convicted of various charges. Hoffman was found guilty on 21 counts. This Court subsequently sentenced Mr. Hoffman to 5 years' probation.

Hoffman appealed various aspects of his conviction and sentence. In 2018, the Fifth Circuit vacated Hoffman's sentence. *United States v. Hoffman*, 901 F.3d 523 (2018). The court noted that the jury had found Hoffman guilty on 21 counts charged, including conspiracy, mail fraud, and wire fraud, and the sentencing guidelines indicated a sentence range of roughly 14-17 years'

1

incarceration. *Id.* at 536. The Fifth Circuit found that as to Hoffman's sentence, the downward variance to a sentence of only 5 years' probation was a bridge too far given the magnitude of the scheme, his role spearheading the scheme, and his abuse of his position as a lawyer to further the scheme. *Id.* at 555-56.

On remand, this Court re-sentenced Hoffman to 20 months incarceration for each of counts 1 though 21, to be served concurrently, followed by a two-year term of supervised release. R. Doc. 912. The Fifth Circuit subsequently affirmed this new sentence with an equally divided opinion. *United States v. Hoffman*, 70 F.4th 805, 807 (5th Cir. 2023).[1] Hoffman self-surrendered on August 17, 2023, to begin serving his imprisonment term. His sentence was subsequently further reduced to 12 months pursuant to the First Step Act. Accordingly, he is projected to begin serving his term of supervised release on August 16, 2024.

## II.  PRESENT MOTION

In the instant motion, Hoffman requests early termination of his supervised release. R. Doc. 1080. He contends that this Court has "plenary authority to terminate Mr. Hoffman's term of post-trial supervised release pursuant to [18 U.S.C.] Section 3583(e)(1)." R. Doc. 1080-2 at 3. Such termination is warranted, Hoffman avers, because he has already served more than five years under the supervision of the United States Probation Office. *Id.* at 1. This time consist of the five years of probation he served on his original sentence (March 9, 2016 - March 9, 2021) and about six months of supervision he served prior to his self-surrender to prison to serve his re-sentence (February 2023 -August17, 2023). *Id.* at 1-2.

---

[1] Judge Jolly would have affirmed the District Court's judgment in its entirety. Chief Judge Richman would have dismissed the appeal as not timely on the basis that Congress abrogated the *Healy* doctrine in the sentencing context. Judge Dennis would have remanded for an evidentiary hearing and resentencing.

Hoffman thus contends that he should not be required to serve any portion of his two-year term of supervised release, which is scheduled to begin on August 16, 2024. *Id.* at 1. He avers that 18 U.S.C. § 3583(b)(1) provides a maximum term of five years of supervised release for his offense. *Id.* And, he contends that the five and a half years he already spent under supervision, most of which was served pursuant to his original sentence, must be credited towards his term of supervised release. *Id.* Failure to credit the time would, according to Hoffman, constitute an impermissible double sentence for the same crime. *Id.* at 3. Finally, Hoffman urges the Court to terminate his supervised release early because he has no significant criminal history, is not a threat to the community, and urgently needs to travel to Romania for work and to visit his grandsons in London. *Id.*

The Government opposes the motion. R. Doc. 1083. First, it notes that, under 18 U.S.C. § 3583(e)(1), a district court may only terminate a defendant's supervised release early if he has already served at least one year of the term of supervised release. *Id.* at 1. Because Hoffman has not even begun serving his supervised release, the Government contends that his request must be denied. *Id.* at 2. Second, the Government notes that probation and supervised release are not the same. *Id.* It notes that "probation is an alternative to prison and supervised release is imposed to integrate the offender back into society after imprisonment, limit further criminal conduct, and return the defendant to prison if he fails to comply with its terms." *Id.* at n.2. Because these two types of supervision are inherently different, the Government argues that there is no reason to give Mr. Hoffman credit towards supervised release for time served on probation. *Id.* Finally, the Government notes that Hoffman already received an extremely lenient sentence, which weighs against an early termination of supervised release. *Id.* at 3.

### III.   LAW & ANALYSIS

The Court finds that Mr. Hoffman's supervised release should not be terminated early. First, the Court notes that the Government is correct that 18 U.S.C. § 3583(e)(1) provides that a district court may only terminate a defendant's supervised release early if he has already served at least one year of the term of supervised release. Because Hoffman has not even begun serving his term of supervised release, the Court will not at this time consider Hoffman's argument that his release should be shortened due to his low threat to the community, lack of criminal history, and desire to travel internationally.

Hoffman makes a colorable argument that 18 U.S.C. § 3583(e)(1) would not preclude a court from terminating a defendant's supervised release if it granted him "credit" for prior time served on supervision. However, the Court does not reach this issue because it finds that Mr. Hoffman's prior time on supervision should not be credited towards his upcoming term of supervised release.

Hoffman contends that, unless the court credits his probation towards his supervised release, he will have served an impermissible "double sentence" for the same crime. While the parties have not identified any Fifth Circuit case law addressing this issue, jurisprudence from other circuits holds otherwise. In *United States v. Bowe*, the court held that a defendant's time on probation for an original sentence could not be credited towards his supervised release after resentencing. 309 F.3d 234, 240 (4th Cir. 2002). There, the district court originally sentenced the defendant to four years' probation. *Id.* at 236. After he served 18 months of this sentence, the appellate court vacated the sentence, and the district court re-sentenced him to 18 months imprisonment with supervised release to follow. *Id.* The defendant requested that his time on probation be credited towards his imprisonment or his supervised release and argued that failure

4

to give him such credit would violate the Double Jeopardy Clause. *Id.* The court, on appeal, held that his 18 months of probation should not be credited towards his forthcoming term of supervised release. *Id.* at 240. The Court noted that it was "aware of no statute that authorizes such credit." Further, it reasoned that "Congress has manifested an intent to require full service of supervised release for rehabilitative purposes." *Id.* (citing *United States v. Johnson*, 529 U.S. 23 (2000), in which the Supreme Court held that defendant's extra two and a half years in prison could not be credited towards his term of supervised release).

Rather than counting as credit towards supervised release, a defendant's time served on a later-vacated sentence of probation is properly considered by the district court at re-sentencing. *See United States v. Martin*, 363 F.3d 25, 39 (1st Cir. 2004) ("[T]he proper means for crediting probation, including home detention, against imprisonment is a downward departure by the district court upon remand."). In *United States v. Martin*, the court "recognized" that the imposition of a new sentence, after the defendant had "already served more than one third of his probation [pursuant to his original sentence] present[ed] an unfortunate circumstance." *Id.* However, it concluded that crediting his probation towards his new sentence "would merely compound judicial error" and that his time served on probation was best considered as a factor at resentencing rather than as credit toward the new, fundamentally different sentence.

The Court agrees with the decisions in *Bowe* and *Martin*. Like the defendants in those cases, Hoffman has served a sentence of probation which was later vacated and replaced with a sentence of imprisonment and supervised release. The Court concludes that crediting his time on probation towards supervised release would not comply with "Congress['s] intent to require full service of supervised release for rehabilitative purposes." *Bowe*, 309 F.3d at 240.

Furthermore, the Court notes that, as recommended by the *Martin* court, Hoffman's time already spent on probation was accounted for by a downward departure on resentencing. *See* 363 F.3d at 39. In its Order and Reasons on Resentencing, the Court specifically cited Hoffman's "progress while on supervision over the past four years" as a factor supporting the significant downward departure it imposed, from a guidelines range of 168-210 months down to a sentence of only 20 months. R. Doc. 912 at 48.[2] Accordingly, the Court finds that Hoffman's prior time on probation has already been accounted for in fashioning his present sentence. He will not serve an impermissible "double sentence" by serving his term of supervised release.

### IV. CONCLUSION

For the foregoing reasons, Hoffman's Motion for Termination of Supervised Release, R. Doc. 1080, is **DENIED**.

New Orleans, Louisiana, this 18th day of July, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Court similarly considered Mr. Arata's time already served on probation in applying a downward departure to his respective sentence, reasoning that, "[t]he four years Mr. Arata has already served on probation have substantially restricted his freedom." R. Doc. 912 at 56.

6