**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **v.** | **NO. 14-22** |
| **PETER M. HOFFMAN, ET AL.** | **SECTION L** |

## ORDER & REASONS

Before the Court is Defendant Peter Hoffman's ("Hoffman") Motion for Reconsideration of Order of July 23, 2024, Denying his Motion for Termination of Supervised Release. R. Doc. 1087. The Government opposes the motion. R. Doc. 1088. Defendant replied. R. Doc. 1089. After a review of the record, briefings, and applicable law, the Court rules as follows.

### I.      BACKGROUND

In 2014, a grand jury returned a 25-count Second Superseding Indictment against defendants Peter Hoffman, Michael Arata, and Susan Hoffman.  All three defendants were charged with conspiracy to commit mail and wire fraud by submitting false and misleading expenditure claims in applying for state tax credits under the Louisiana Motion Picture Incentive Act in relation to their company, Seven Arts Entertainment ("Seven Arts") and the company's mansion on Esplanade Avenue in New Orleans. Following an 11-day jury trial in April of 2015, the defendants were convicted of various charges. Hoffman was found guilty on 21 counts. This Court subsequently sentenced Mr. Hoffman to 5 years' probation.

Hoffman appealed various aspects of his conviction and sentence. In 2018, the Fifth Circuit vacated Hoffman's sentence. *United States v. Hoffman*, 901 F.3d 523 (2018). The court noted that the jury had found Hoffman guilty on 21 counts charged, including conspiracy, mail fraud, and wire fraud, and the sentencing guidelines indicated a sentence range of roughly 14-17 years'

1

incarceration. *Id.* at 536. The Fifth Circuit found that as to Hoffman's sentence, the downward variance to a sentence of only 5 years' probation was a bridge too far given the magnitude of the scheme, his role spearheading the scheme, and his abuse of his position as a lawyer to further the scheme. *Id.* at 555-56.

On remand, this Court re-sentenced Hoffman to 20 months incarceration for each of counts 1 though 21, to be served concurrently, followed by a two-year term of supervised release. R. Doc. 912. The Fifth Circuit subsequently affirmed this new sentence with an equally divided opinion. *United States v. Hoffman*, 70 F.4th 805, 807 (5th Cir. 2023).[1] Hoffman self-surrendered on August 17, 2023, to begin serving his imprisonment term. His sentence was subsequently further reduced to 12 months pursuant to the First Step Act. Accordingly, he is projected to begin serving his term of supervised release on August 16, 2024.

On June 11, 2024, Hoffman moved for early termination of his supervised release. R. Doc. 1080. He contended that this Court has "plenary authority to terminate Mr. Hoffman's term of post-trial supervised release pursuant to [18 U.S.C.] Section 3583(e)(1)." R. Doc. 1080-2 at 3. Hoffman averred that termination was warranted because he has already served more than five years under the supervision of the United States Probation Office. *Id.* at 1. This time consists of the five years of probation he served on his original sentence (March 9, 2016 - March 9, 2021) and about six months of supervision he served prior to his self-surrender to prison to serve his re-sentence (February 2023 -August17, 2023). *Id.* at 1-2.

Hoffman thus contended that he should not be required to serve any portion of his two-year term of supervised release, which is scheduled to begin on August 16, 2024. *Id.* at 1. He averred

---

[1] Judge Jolly would have affirmed the District Court's judgment in its entirety. Chief Judge Richman would have dismissed the appeal as not timely on the basis that Congress abrogated the *Healy* doctrine in the sentencing context. Judge Dennis would have remanded for an evidentiary hearing and resentencing.

that 18 U.S.C. § 3583(b)(1) provides a maximum term of five years of supervised release for his offense. *Id.* And, he contended that the five and a half years he already spent under supervision, most of which was served pursuant to his original sentence, must be credited towards his term of supervised release. *Id.* Failure to credit the time would, according to Hoffman, constitute an impermissible double sentence for the same crime. *Id.* at 3. Finally, Hoffman urged the Court to terminate his supervised release early because he has no significant criminal history, is not a threat to the community, and urgently needs to travel to Romania for work and to visit his grandsons in London. *Id.*

The Government opposed the motion. R. Doc. 1083. First, it noted that, under 18 U.S.C. § 3583(e)(1), a district court may only terminate a defendant's supervised release early if he has already served at least one year of the term of supervised release. *Id.* at 1. Because Hoffman has not even begun serving his supervised release, the Government contended that his request must be denied. *Id.* at 2. Second, the Government notes that probation and supervised release are not the same. *Id.* It notes that "probation is an alternative to prison and supervised release is imposed to integrate the offender back into society after imprisonment, limit further criminal conduct, and return the defendant to prison if he fails to comply with its terms." *Id.* at n.2. Because these two types of supervision are inherently different, the Government argued that there is no reason to give Mr. Hoffman credit towards supervised release for time served on probation. *Id.* Finally, the Government noted that Hoffman already received an extremely lenient sentence, which weighs against an early termination of supervised release. *Id.* at 3.

The Court denied the motion. R. Doc. 1085. It agreed with the Government that probation and supervised release are not the same thing. *Id.* at 4. The Court cited *United States v. Bowe*, where the Fourth Circuit held that a defendant's time on probation pursuant to a later-vacated sentence would not be credited towards his supervised release after resentencing. 309 F.3d 234, 240 (4th Cir. 2002).

3

*Id.* The Court agreed with the *Bowe* court's reasoning that there is "no statute that authorizes such credit" and that "Congress has manifested an intent to require full service of supervised release for rehabilitative purposes." *Id.* at 5. Accordingly, the Court declined to credit Hoffman's probation towards his supervised release.

Further, the Court noted that some courts have held that "the proper means for crediting probation, including home detention, against imprisonment is a downward departure by the district court upon remand." *Id.* (citing *United States v. Martin*, 363 F.3d 25, 39 (1st Cir. 2004)). And, such a downward departure was indeed made in this case: on resentencing, the Court departed from a guidelines range of 168-210 months down to 20 months. *Id.* at 6. As a reason for this downward departure, the Court cited Hoffman's "progress while on supervision over the past four years." *Id.* At the same time, this Court cited Hoffman's co-defendant's "four years [] already served on probation" as a reason for his respective downward departure. *Id.* at n. 1. Accordingly, the Court concluded that Hoffman's time on probation had already been accounted for. *Id.* at 6.

## II.   PRESENT MOTION

Hoffman moves for reconsideration of the Court's Order denying his motion to terminate supervised release. R. Doc. 1087. He makes the same arguments already urged in support of the original motion. He contends that requiring him to serve two years of supervised release in addition to his five years already served on probation constitutes and impermissible "double sentence." Further, he alleges that "The 7/23 Order does not specifically hold that the provisions of 18 U.S.C. §3583(b)(1) do not apply to Mr. Hoffman's two sentences of supervised release." Further, he argues—without citation to any authority—that "[s]upervised release for purposes of Section 3583(b) includes [] probation." And, he argues that the cases cited in the Court's Order are not on point. He maintains that *Bowe* and *Martin* "considered whether a sentence of probation must be applied to reduce a custodial sentence" rather than a sentence of supervised release.  As to the

Court's observation that Hoffman's time of probation was already considered by the court in granting a downward departure at resentencing, Hoffman contends that the Court "did no more than take into account Mr. Hoffman's conduct while on supervised release." This is because the Court referred to his "<u>progress</u> while on supervision over the last four years" rather than the fact of supervision itself. Thus, Hoffman avers that he was not given proper "credit" for time served at resentencing. *Id.*

The Government opposes the motion. R. Doc. 1088. It argues that "Hoffman's motion to reconsider should be denied because it is based entirely on the faulty premise that supervised release (18 U.S.C. § 3583) and probation (18 U.S.C. § 3561) are one and the same. They are not. They are two separate statutes, addressing two separate penological interests." *Id.* at 1. The Government notes that Hoffman has already raised this exact argument in his brief to the Fifth Circuit appealing his resentencing, but that "Hoffman's attempts to conflate supervised release and probation had no effect on the Court's opinion." *Id.* at 2. The Government contends that Hoffman has made no new arguments that justify reconsideration, and that the Court's prior order correctly held that time previously served on probation should not be credited toward supervised release. *Id.*

Hoffman replied. R. Doc. 1089. He re-argues the points made in his motion. He maintains that "[i]t may be that parole and probation have different requirements and forms of supervision, but both are supervised release. Obviously." *Id.* at 2.

### III.   APPLICABLE LAW

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Shopf v. Griggers*, No. 17-10958, 2018 WL 1453214, at *1 (E.D. La. Mar. 23, 2018); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Under Rule 59(e), a movant "must clearly establish at least one of three factors: (1) an intervening change in the

controlling law, (2) the availability of new evidence not previously available, or (3) a manifest

error in law or fact." *Henry v. New Orleans La. Saints, L.L.C.*, No. 15-5971, 2016 WL3524107, at

*2 (E.D. La. June 28, 2016) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th

Cir. 2003)). Rule 59(e) does not allow a movant "to rehash arguments which have already been

raised before [the district] court," to advance "arguments that could have been offered or raised

before entry of judgment," or "to argue [the] case under a new legal theory." *Naquin v. Elevating

Boats*, L.L.C., 817 F.3d 235, 240 n. 4 (5th Cir. 2016) (quotations omitted).

## IV.    DISCUSSION

Here, Mr. Hoffman is merely trying to "rehash arguments which have already been raised."

*Id.* As in his original motion, he contends that he will have served an impermissible "double

sentence" unless the court credits his probation towards his supervised release. Once such credit

is granted, he argues that his term of supervised release will then exceed the applicable five-year

statutory maximum.

The Court denies Hoffman's request to reconsider. Hoffman does not cite to any statutes

or caselaw supporting his argument that time spent on probation should be credited towards

supervised release. Accordingly, it is far from "obvious[]" that "parole and probation . . . are

supervised release." R. Doc. 1089 at 2. Furthermore, Hoffman attempts to argue that *Bowe* is not

on point because this case merely "considered whether a sentence of probation must be applied to

reduce a custodial sentence." R. Doc. 1087-1 at 2. This characterization of *Bowe* is incorrect. 309

F.3d 234, 240 (4th Cir. 2002). As the Court explained in its prior order, the *Bowe* court considered

the exact question of crediting time spent on a vacated sentence of probation towards supervised

release:

> In denying [Defendant] any credit against imprisonment for his probation, we also deny
> him credit against his period of supervised release. Again, we are aware of no statute that

6

> authorizes such credit. To the contrary, Congress has manifested an intent to require full
> service of supervised release for rehabilitative purposes. *See United States v. Johnson,* 529
> U.S. 53, 120 (2000).

*Id.* This Court agrees that there is no requirement to credit time served on probation towards either

imprisonment or supervised release. *Id.* Because Hoffman's prior sentence of probation will not

be credited toward his term of supervised release, his sentence does not run afoul of the statutory

maximum of five years' supervised release applicable to his case. *See* 18 U.S.C. §3583(b).

Hoffman also seizes on the Court's discussion of *United States v. Martin* to argue that his

sentence of probation was not properly "credited" on resentencing. In its prior order, the Court

noted that in *Martin*, the court found that it was "proper" for a district court to consider time served

on probation by applying a downward variance at resentencing. 363 F.3d 25, 39 (1st Cir. 2004). The

*Martin* court cited other decisions holding that a court on re-sentencing "may want to consider" the

prior probation sentence or was "permitted to depart" based on the prior sentence. *Id.* (citing *United*

*States v. Romualdi*, 101 F.3d 971, 977 (3d Cir. 1996); *United States v. Carpenter*, 320 F.3d 334, 345

(2d Cir. 2003)). In the prior order, the Court observed that Hoffman's time on his probation was

seemingly considered at his resentencing because the Court cited his "progress while on supervision

over the past four years" as a factor supporting the significant downward departure it imposed.

Hoffman now argues that his time on probation was not properly "credited" toward his instant sentence

because the court referred only to his "*progress*" on supervision, which he interprets to mean his good

behavior rather than his actual time served.

To the extent that Hoffman reads this Court's prior order as somehow *requiring* that a court

"credit" time served on probation towards a later sentence, his interpretation is mistaken. *Bowe* and

*Martin* both stand for the proposition that a court need not credit a prior sentence of probation towards

a new sentence. *Bowe*, 309 F.3d at 240; *Martin*, 363 F.3d at 39.   Rather, a court is allowed, in its

discretion, to grant a downward departure based on a prior sentence of probation. *Martin*, 363 F.3d at

39. Although the Court pointed out that Hoffman's time on probation may have been a factor supporting the significant downward departure he received, the Court did not hold that such consideration was necessary.

Moreover, Hoffman's argument that the Court did not actually consider his time spent on probation at resentencing because it used the phrase "*progress* while on supervision over the last four years" is tenuous at best. The Court was clearly cognizant that Hoffman had already served years of probation. Moreover, in the very same order, the Court applied a downward departure for Hoffman's co-defendant, Arata, because "[t]he four years Mr. Arata has already served on probation have substantially restricted his freedom." R. Doc. 912 at 56. Plainly, the Court was aware that prior time on probation was a factor that could support a downward departure.  Moreover, the Court *did*, in fact, grant Hoffman a drastic downward departure from 168-210 months down to 20 months. Overall, the Court is satisfied that, although there is no requirement to credit a prior sentence of probation toward a new sentence, Hoffman's time served on probation was adequately considered at resentencing.

**CONCLUSION**

For the foregoing reasons, Hoffman's Motion for Reconsideration, R. Doc. 1087, is **DENIED**.

New Orleans, Louisiana, this 5th day of August, 2024.

UNITED STATES DISTRICT JUDGE