UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 14-22 |
| PETER M. HOFFMAN, ET AL. | SECTION L |

## ORDER & REASONS

Before the Court is Defendant Peter Hoffman's ("Hoffman") motion to modify supervised release. R. Doc. 1096. The Government opposes the motion. R. Doc. 1097. Defendant replied. R. Doc. 1104. After a review of the record, briefings, and applicable law, the Court rules as follows.

### I.     BACKGROUND

In 2014, a grand jury returned a 25-count Second Superseding Indictment against defendants Peter Hoffman, Michael Arata, and Susan Hoffman. All three defendants were charged with conspiracy to commit mail and wire fraud by submitting false and misleading expenditure claims in applying for state tax credits under the Louisiana Motion Picture Incentive Act in relation to their company, Seven Arts Entertainment and the company's mansion on Esplanade Avenue in New Orleans. Following an 11-day jury trial in April of 2015, the defendants were convicted of various charges. Hoffman was found guilty on 21 counts including conspiracy, mail fraud, and wire fraud.

Another section of this Court subsequently sentenced Mr. Hoffman to 5 years' probation. Hoffman appealed various aspects of his conviction and sentence. In 2018, the Fifth Circuit vacated Hoffman's sentence. *United States v. Hoffman*, 901 F.3d 523 (2018). The court noted that the jury had found Hoffman guilty on 21 counts and that the sentencing guidelines indicated a range of roughly 14-17 years' incarceration. *Id.* at 536. The Fifth Circuit found that the downward

1

variance to a sentence of only 5 years' probation was a bridge too far given the magnitude of the scheme, his role spearheading the scheme, and his abuse of his position as a lawyer. *Id.* at 555-56.

On remand, the Court re-sentenced Hoffman to 20 months incarceration for each of counts 1 through 21, to be served concurrently, followed by a two-year term of supervised release. R. Doc. 912. The Fifth Circuit subsequently affirmed this new sentence with an equally divided opinion. *United States v. Hoffman*, 70 F.4th 805, 807 (5th Cir. 2023). Hoffman self-surrendered on August 17, 2023, to begin serving his imprisonment term. His sentence was subsequently further reduced to 12 months pursuant to the First Step Act.

On June 11, 2024, approximately two months before Hoffman was set to be released, he moved for early termination of his supervised release. R. Doc. 1080. Hoffman argued that his time served on his vacated sentence of probation should be credited toward his term of supervised release, such that he did not have to serve any time on supervised release. *Id.* This Court denied the motion, citing cases where courts have held that time spent on an earlier probation sentence should not be credited toward supervised release. R. Doc. 1085. After this ruling, Hoffman moved for reconsideration of the Court's order. R. Doc. 1087. The Court re-explained its holding and reiterated its conclusions. R. Doc. 1091. Hoffman then appealed. R. Doc. 1092.

## II. PRESENT MOTION

Hoffman moves the Court to modify the terms of his supervised release. R. Doc. 1096. First, Hoffman notes that he is only allowed to travel within the United States with the "permission" of the United States Probation Office ("Probation"). R. Doc. 1096-2 at 2. He requests that the Court modify his release conditions so that he can "travel freely in the United States with notice" to Probation. *Id.* at 3-4. He represents that he needs to travel to Louisiana and Florida to attend to legal affairs. *Id.* at 3. Second, Hoffman requests the Court's permission to obtain a new

2

passport and travel internationally by motion to the Court. *Id.* at 4. He argues that his employment in the film industry requires him to travel to locations such as Mexico and Romania. *Id.* at 2.

Hoffman argues that this Court has the authority to modify the conditions of his supervised release. *Id.* at 1. Further, he contends that the travel restrictions are not "mandatory conditions" but are only "standard conditions." *Id.* at 2. He contends that the restrictions are not reasonably related to any sentencing factors, and that the Court failed to conduct an "individualized assessment" in imposing the conditions. *Id.* at 3. Finally, he maintains that his travel would present no threat to the community, as his crimes were financial and had nothing to do with travel. *Id.*

The Government opposes the motion. R. Doc. 1097. First, the Government notes that Hoffman recently appealed the Court's denial of his motion to terminate supervised release. *Id.* at 1. The Government thus argues that this Court no longer has jurisdiction to modify the conditions of Hoffman's supervise release because "Hoffman has placed his period of supervised release squarely before the Fifth Circuit." *Id.* Second, the Government argues that "[b]esides being a standard condition of supervision, it is common practice in this district for defendants to obtain permission of U.S. Probation to travel by providing information such as purpose, destination, duration, flight arrangements, and lodging." *Id.* at 2. Lastly, the Government does not take a position on whether Hoffman should be allowed to obtain a passport. *Id.* However, the Government requests that it be given an opportunity to oppose any future request for international travel. *Id.*

### III. APPLICABLE LAW

The Court has statutory authority to modify Hoffman's supervised release. Pursuant to 18 U.S.C. § 3583 (e)(2), "[t]he court may, after considering the factors set forth in section 3553 . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." The factors referenced in 18 U.S.C. 3553 include

the "nature and circumstances of the offense and the history and characteristics of the defendant," adequate deterrence, public protection, and the need to avoid unwarranted sentencing disparities.

Furthermore, the Court has jurisdiction to modify the terms of Hoffman's supervised release despite the pendency of Hoffman's appeal. "[C]ourts addressing th[e] issue have generally recognized that a notice of appeal does not deprive the district court of jurisdiction to modify the terms of supervision." *United States v. Boswell*, 109 F.4th 368, 386 (5th Cir. 2024). The parties have not identified any cases that present the precise type of appeal and request for modification as the instant suit. However, courts have generally found that the district court has broad authority to modify the terms of supervised release during various kinds of appeals. *See United States v. D'Amario*, 412 F.3d 253, 255 (1st Cir. 2005) (holding that the district court could modify conditions of supervised release during pendency of appeal of revocation order); *United States v. Ramer*, 787 F.3d 837 (7th Cir. 2015) (allowing modification during an appeal of restitution conditions). Accordingly, the Court is persuaded that it has jurisdiction to modify the conditions of Hoffman's supervised release despite the pending appeal on the question of whether his time served on probation should be credited toward his term of supervised release.

## IV.   DISCUSSION

The Court will not modify the condition of supervision which requires Hoffman to obtain permission from Probation to travel outside of the district. As the Government points out, this requirement is a standard condition of supervised release. Accordingly, considering the "need to avoid unwarranted sentencing disparities," the Court finds that Hoffman must abide by the typical practices of supervision in his district. Moreover, Hoffman's offense was a serious crime punishable by many years' imprisonment. Accordingly, given the nature of the offense, the Court finds that the standard conditions of supervision are warranted to enable Probation to effectively

4

supervise Hoffman. Although the Court understands Hoffman's argument that he needs to travel domestically to attend to his legal affairs, he may request permission from Probation to attend to such matters. The Court is confident that Probation will act reasonably in deciding such requests.

The Court will grant Hoffman's request to obtain a passport. However, Hoffman must obtain permission from Probation before making any international trips. When requesting permission, he must provide Probation with information showing the proposed destination, flight arrangements, and lodging of the trip. He must also describe the purpose of the trip and provide documentation of work-related activities spanning the duration of the trip. When Hoffman provides this information to Probation, he must also provide the information to the Government. If the Government objects to any aspect of the trip, they may contact Probation and express their concerns. Should Probation decide to permit a trip which the Government finds objectionable, the Government may file a motion with the Court.

Hoffman is cautioned that the Court cannot expend valuable judicial resources attending to his travel plans. If supervision of his international travel begins to require Court intervention or monitoring, the Court will be forced to return to the current prohibition of international travel.

### V.   CONCLUSION

For the foregoing reasons, Hoffman's motion to modify the terms of supervised release, R. Doc. 1096, is **GRANTED IN PART** and **DENIED IN PART.** The motion is **DENIED** as to Hoffman's request to travel freely within the United States. The motion is **GRANTED** as to Hoffman's request to obtain a passport, subject to the requirements laid out above.

New Orleans, Louisiana, this 10th day of October, 2024.

_____
UNITED STATES DISTRICT JUDGE